REBECCA COWHICK, Plaintiff in Error, v. JOHN T. JACKSON, Defendant in Error.

**Kansas City Court of Appeals, May 29, 1911.**

**WRIT OF ERROR: Issues: Final Judgment.** Where plaintiff sued out a writ of error because of the action of the trial court in overruling plaintiff's motion to dismiss the defendant's appeal from the justice's court to the circuit court, defendant's motion to dismiss the writ must be sustained on the ground that the action of the court in overruling plaintiff's motion to dismiss defendant's appeal from the justice's court is not a final judgment or decision of the circuit court.

Error to the Jackson Circuit Court.—*Hon. Thos. J. Seehorn*, Judge.

MOTION TO DISMISS WRIT OF ERROR SUSTAINED.

*Marley & Grover* for plaintiff in error.

(1) It is essential to a valid notice of appeal from a justice's court that a venue be laid and that the state, county, township, or before what justice the judgment was taken be set forth. Pettingill v. Donnelly, 27 Minn. 332; Morris v. Brewster, 60 Wis. 229. (2) The judgment is not sufficiently designated if the amount of the judgment is not set out. Clune v. Wright, 96 Wis. 630; Beck v. Thompson, 35 Or. 182; Pettingill v. Donnelly, 27 Minn. 332. (3) The failure to state the date in a purported notice of appeal is the failure of one specific element to designate the judgment specified. Munroe v. Herrington, 99 Mo. App. 282; Clay v. Turner, 135 Mo. App. 596; Hammond v. Kroff, 36 Mo. App. 120; Cooper v. Accident Co., 117 Mo. App. 425; Holschen Coal Co. v. Railroad, 48 Mo. App. 580. (4) A judgment in a notice of appeal is not sufficiently specified if the names of the parties are not stated as in the original suit. State v. Hammond, 92 Mo. App. 234; Stone v. Baer, 82 Mo. App.

341; McGinniss v. Taylor, 22 Mo. App. 515; Teasdale
v. Produce Co., 120 Mo. App. 585; Smith Drug Co. v.
Hill, 61 Mo. App. 682; Tiffin v. Millington, 3 Mo. 419.
(5) Under the Missouri statutes "a notice in writing,
stating the fact that an appeal has been taken from
the judgment therein specified" is required and a
paper purporting to be such a notice which lays no
venue, does not designate state, county, township, jus-
tice, amount of the judgment, date of the judgment,
or does not state the names of the parties to the origi-
nal suit, does not specify any particular judgment and
is therefore not a notice. Tiffin v. Millington, 3 Mo.
419; Richmond v. Isaacs, 4 Mo. App. 566; McGinniss
v. Taylor, 22 Mo. App. 513; Jordan v. Bowman, 28
Mo. App. 608; Hammond v. Kroff, 36 Mo. App. 118;
Cella v. Schnaires, 42 Mo. App. 320; Holschen v. Rail-
road, 48 Mo. App. 580.

*L. T. Collier* for defendant in error.

(1) The writ of error herein should be dismissed
for the following reasons: (a). Because the circuit
court rendered no final judgment in this cause. (b).
Because the order of the circuit court dismissing said
cause for want of prosecution was no judgment au-
thorizing the issue of the writ of error in question.
Collier v. Wheldon, 1 Mo. 1; Miller v. Richardson, 1
Mo. 310; Horr v. Knighton, 9 Mo. 180; Krantsch v.
Dorte, 82 Mo. App. 412; Miller v. Daniels, 59 Mo. App.
331; Hodkins v. Taylor, 59 Mo. 106; Padgett v. Smith,
205 Mo. 122; R. S. 1899, sec. 835; R. S. 1909, sec. 2054.
(2) Defendant contends that plaintiff's motion to
dismiss the appeal herein was properly overruled by
the circuit court. The statute expressly provides that
"no appeal shall be dismissed for the want of such
notice."

BROADDUS, P. J.—This is an action on a
promissory note for the sum of fifty dollars, executed

by Nellie G. Shreves and W. S. Shreves, and made payable to the order of Fidelity Trust Company or John T. Jackson. The note was assigned and delivered by Jackson to G. G. Cowhick, and by him assigned to the plaintiff. Jackson endorsed the same in blank, but over his signature was the following writing: "For value received, I promise to pay the amount to Rebecca A. Cowhick."

The suit was begun in a justice's court where it was transferred on change of venue to another justice's court, where trial was had and judgment was rendered against all the parties to the note, including Jackson. Jackson alone appealed to the circuit court. Plaintiff moved to dismiss the appeal on the ground that Jackson had not given plaintiff notice of his appeal as required by section 4074, R. S. 1899.

On the 29th day of June, 1910, and during the April term of the court, the court overruled plaintiff's said motion to dismiss the appeal. To the action of the court in overruling said motion plaintiff excepted. Afterwards in vacation on the 21st day of July, 1910, and before the expiration of said April term, plaintiff presented "her term bill of exceptions in the above entitled cause, and the bill of exceptions having been seen and examined and found to be true and correct, the same is by the Honorable Thomas J. Seehorn, judge of Division No. 3, and assignment division of this court, signed, sealed, and allowed and it is ordered that said term bill of exceptions be, and the same is hereby filed and made a part of the record in this cause."

At the subsequent October term of the court, plaintiff failed to appear when the cause was called for trial, whereupon it was dismissed for want of prosecution.

On the 17th day of November, 1910, plaintiff sued out a writ of error and the cause is before us on the record as made. The error complained of is the action

of the court in overruling plaintiff's motion to dismiss the defendant's appeal from the justice's court to the circuit court.

The defendant in error has filed a motion to dismiss the writ on the ground that the action of the court in overruling plaintiff's motion to dismiss defendant's appeal from the justice's court is not a final judgment. The motion must be sustained. Writs of error issue only upon a final judgment or decision of a circuit court, or other court having concurrent jurisdiction with the circuit court. [Section 2054, Revised Statutes 1909.] "Writs of error will not lie in the absence of a final judgment." [Hodkins v. Taylor, 59 Mo. 106; Padgett v. Smith, 205 Mo. 122.]

Motion to dismiss writ sustained. All concur.