PACIFIC LIME & GYPSUM COMPANY et al., Appellants, v. MISSOURI BRIDGE & IRON COMPANY.

Division Two, December 30, 1920.

1. **PLEADING: Demurrer: Oyer: Instrument or Exhibit.** The archaic ceremonial of "craving oyer" is unknown to modern civil procedure. Where a profert is authorized and becomes necessary to a proper statement of issuable facts, the instrument prayed for may be incorporated in the pleading, or if not necessary but deemed essential to a clear understanding of the issues, it may by proper reference be attached to the pleading as an exhibit; but where the instrument sued on is set out in the petition or attached to it as an exhibit, it is wholly unnecessary to incorporate in a demurrer thereto a prayer for the production of such instrument.

2. ———: ———: **Office: Incorporation of Defenses.** A demurrer should contain only affirmative averments assailing the petition as being defective in some one or more of the particulars made a ground of demurrer by the statute. The incorporation of other matters therein calls for no ruling except such as may be necessary to the determination of a motion to strike it from the files.

3. ———: ———: **Speaking Demurrer.** No such pleading as a "speaking demurrer," that is, a demurrer alleging affirmative matter which, taken with the allegations of the petition, shows that no cause of action was stated, is recognized by our procedure.

4. ———: ———: **Matters Considered.** Mere exhibits constitute no part of the petition for the purpose of demurrer, whether incorporated in it or not. And if matters or defenses other than affirmative averments assailing the sufficiency of the petition in one or more of the particulars made grounds of demurrer by the statute are inserted therein, they will be ignored, and only those averments that assail the petition will be considered.

5. **ARBITRATION: Vacation: Equity Jurisdiction: Action at Law: Demurrer.** A petition to set aside the award of an arbitrator on the

ground of fraud, mistake or partiality, is a suit in equity, and a demurrer thereto cannot be sustained on the ground that the plaintiff has an adequate remedy at law under the statute which permits an appealing party to file a motion to vacate the award. Said statute (Sec. 891, R. S. 1909) expressly provides that the statutory remedy shall not affect equitable jurisdiction.

6. ———: **Partiality: Demurrer.** A petition to set aside the award of an arbitrator which states facts showing he was partial, alleging among other pertinent facts that he wilfully omitted to consider certain material evidence tendered and as a consequence failed to award to plaintiff a large sum of money to which it was justly entitled, sufficiently alleges the partiality of the arbitrator.

Appeal from St. Louis City Circuit Court.—*Hon. Vital W. Garesche*, Judge.

REVERSED AND REMANDED.

*M. N. Sale* and *David Goldsmith* for appellants.

(1) The allegations of the petition, showing partiality on the part of the arbitrator, in themselves warrant the reversal of the judgment in this cause. Hyeronimus v. Allison, 52 Mo. 105, 106; Shawhan v. Baker, 167 Mo. App. 36; Bridgman v. Bridgman, 23 Mo. 272; Scholz v. Mills, 176 Mo. App. 377; Allen v. Hickam, 156 Mo. 58. (2) The complete misconception by the arbitrator of the evidence concerning the investment, even if unintentional, vitiates his award. Newman v. Labeaume, 9 Mo. 36; Roberts Brothers v. Can Co., 102 Md. 362; Torrance v. Amsden, 3 McLean, 509; Donaldson v. Buhlman, 134 Wis. 117; Bartlett v. L. Bartlett & Son Co., 116 Wis. 450; American School Co. v. Sheldon, 12 R. I. 324; Arnold v. Mason, 11 R. I. 242; Tomlinson v. Tomlinson, 3 Iowa, 575; Rand v. Redington, 13 N. H. 76; Fluharty v. Beatty, 22 W. Va. 706; Buys v. Eberhardt, 3 Mich. 631; Barrows v. Sweet, 143 Mass. 316; Allen v. Smith's Admr., 4 Harrington (Del.) 236; White Railroad Co. v. Beane, 39 N. H. 107; Interstate Commerce Comm. v. Railroad, 227 U. S. 91. (3) The failure of the arbitrator to exercise the powers entrusted to him vitiates his award without

proof of bad faith on his part.  Newman v. Labeaume, 9 Mo. 37; Raleigh Coal Co. v. Mankin, '97 S. E. 299.

*Cobbs & Logan* for respondent.

(1)   It is the established general policy of this State to encourage arbitrations and to uphold awards.  Newman v. Labeaume, 9 Mo. 35; Bennett's Admr. v. Russell, 34 Mo. 528; Tucker v. Allen, 47 Mo. 487; State ex rel. Kennedy v. Merchant's Exchange, 2 Mo. App. 99.   (2) The award of an arbitrator is a final judgment.  5 C. J. 43, 139, 162; Buchell v. Marsh, 17 How, (U. S.) 344; Searles v. Lum, 81 Mo. App. 611; Williams v. Branning Mfg. Co., 153 N. C. 7, 31 L. R. A. (N. S.) 681; Thatcher I. M. Co. v. Brubaker, 193 Mo. App. 627.  (3)  The amended petition is fatally defective because it omits material parts of the award.   (4)   The amended petition is insufficient because it shows on its face that there is an adequate remedy at law.   (5)   Plaintiff waived all defenses and all right to object to the award.   (6)   The allegations of the amended petition are neither specific enough nor sufficient to justify vacating the award.   5 C. J. 199, 203, 205; Bennett's Admr. v. Russell, 34 Mo. 527; Shawhan v. Baker, 167 Mo. App. 34; Allen v. Hickman, 156 Mo. 58; Cochran v. Bartle, 91 Mo. 647; Bridgman v. Bridgman, 23 Mo. 274; Taylor v. Scott, 26 Mo. App. 250, 252; Reeves v. McGlochlin, 65 Mo. App. 542. (7)   Equity follows the law, and plaintiffs will be required to allege and prove one of the statutory grounds for vacating the award.  Sec. 877, R. S. 1909.  (8)   There was no misconception by the arbitrator of the evidence concerning the investment.   (9)   A court of equity will not correct a misake which "results from the mere negligence of the losing party."  Valle v. Railroad, 37 Mo. 451; Shawhan v. Baker, 167 Mo. App. 34.

WALKER, J.—This is a suit in equity to set aside the award of an arbitrator.  A demurrer to the petition was sustained in the circuit court.  Plaintiffs refused

to plead further, judgment was rendered on the demurrer, and an appeal was perfected to this court. The only question involved is the sufficiency of the petition. Before discussing same the propriety or, more forcefully stated, the authority for the filing of such a demurrer as is here submitted, is necessary. An abstract rather than a prolix incorporation herein of this entire pleading will suffice to afford an intelligent discussion and an authorized construction and disposition of same. After stating that it is a demurrer to the petition, craving *oyer* and asking a production by the plaintiff of the arbitration agreement which had been filed with the petition as an exhibit, the pleader proceeds to set forth *in haec verba* said agreement, the formal appointment of the arbitrator and his opinion and award. Following this voluminous presentation, the specific grounds of the demurrer are thus stated:

"First: That said first amended petition does not state facts sufficient to constitute a cause of action.

"Second: That the facts stated in said first amended petition are not sufficient to justify the relief prayed for therein.

"Third: That nothing in said first amended petition shows that there has been any fraud, mistake, or misconduct which would justify a court of equity in setting aside said award.

"Fourth: That said award as set out in said first amended petition is not the full and complete award as filed in this court, and as shown above.

"Fifth: That said award shows on its face and from the first amended petition that it is a full, mutual, final and definite award on the subject-matter submitted to said arbitrator, and that it is free from any partiality, injustice, fraud or misconduct, which would justify any court in vacating the same.

"Sixth: That the said first amended petition sets out only part of said award and omits some of the essential parts thereof, and that the parts so omitted are necessary to make said petition complete, and that the

failure to incorporate the whole of said award renders said petition insufficient and subject to demurrer.

"Seventh: That, as shown by said first amended petition, the said award mentioned therein and the arbitration agreement mentioned therein were filed in this court on, to-wit, the 28th day of January, 1916, and in cause numbered 1892, and that a motion was filed in this court by the defendant to confirm said award, and that the plaintiff herein filed a motion in said cause to vacate said award prior to the filing of the original petition in this cause, and that said motion is still pending, and that said cause numbered 1892 has been referred to and assigned to the same division, and is now pending in the same room with this cause, and is undetermined; and that by filing said motion to vacate said award in said cause 1892, plaintiff elected the statutory remedy and waived its right to file this suit in equity, and cannot at the same time and in the same court and the same division of the same court prosecute two causes of action for the accomplishment of the same purpose.

"Wherefore, defendant prays the court to sustain its demurrer to said first amended petition and to hold the same wholly insufficient."

First as to the form, second as to the subject-matter of the demurrer, that the extraneous and improper averments therein, if any, may be excluded and only those directed against the face of the petition considered. The archaic ceremonial of "craving oyer" in unknown, not only to our procedure but to modern practice elsewhere. [Livingston County v. White, 30 Barb. (N. Y.) 72; Bright v. Currie, 5 Sandf. (N. Y.) 433; Welles v. Webster, 9 How. Pr. (N. Y.) 251.] Where a profert is authorized and becomes necessary to a proper statement of the issuable facts the instrument prayed for may be incorporated in the pleading, or, if not necessary but deemed essential to a clear understanding of the issues, it may by proper reference be attached to the pleading as an exhibit. [31 Cyc. 547, Subdiv. IX & notes.] If any authority existed for the incorporation of the

prayer in the demurrer it was unnecessary because the agreement of arbitration, whose production was prayed, was not only filed as an exhibit to the petition, but was incorporated in the demurrer. Under any state of facts, however, the prayer for *oyer* was unauthorized.

Our code expressly defines the purview of a demurrer as being limited to what appears on the face of the petition in the following particulars:

"First, that the court has no jurisdiction of the person of the defendant, or the subject of the action; or, second, that the plaintiff has not legal capacity to sue; or, third, that there is another action pending between the same parties, for the same cause, in this State; or, fourth, that there is a defect of parties plaintiff or defendant; or, fifth, that several causes of action have been improperly united; or, sixth, that the petition does not state facts sufficient to constitute a cause of action; or, seventh, that a party plaintiff or defendant is not a necessary party to a complete determination of the action." [Sec. 1800, R. S. 1909.]

The purpose of this statute is to direct the trial court's attention to the precise ground of objection relied on. [Hanson v. Neal, 215 Mo. 256, 114 S. W. 1073.] To accomplish this the demurrer should contain only affirmative averments assailing the sufficiency of the petition in one or, if need be, more of the particulars prescribed. The incorporation in a demurrer, therefore, of other matter than such affirmative averments as are necessary to assail the sufficiency of the petition in the particulars stated, has neither the sanction of the code nor of precedent, and calls for no ruling of the trial court except such as may be necessary to the determination of a motion by opposing counsel to strike the same from the files.

A pleading such as was filed herein by the defendant is what is termed "a speaking demurrer," that is, a demurrer alleging affirmative matter which, taken with the allegations of the petition, show that no cause of action was stated. No such pleading is recognized by our

procedure. As LAMM, J., speaking for this court, said in Hubbard v. Slavens, 218 Mo. l. c. 622, ''Whatever may be the doctrine elsewhere, in this State a demurrer strikes squarely at the petition and nowhere else. Mere exhibits, under our practice, constitute no part of the petition for the purposes of a demurrer'' (citing cases).

In a later case Coal & Iron Company v. Long, 231 Mo. l. c. 611, this court said: ''It is elementary, however, in this jurisdiction (whatever the rule elsewhere) that on demurrer the allegations of the pleading struck at may be neither impugned nor aided by exhibits. A demurrer delivers a blow at the face of the pleading and nowhere else. Therefore, that which does not appear there is the same as if it did not exist, and what is hid away in an exhibit is out of the line of judicial vision on demurrer.''

The succeeding paragraphs of the demurrer will be considered so far as they may, under any reasonable interpretation, be held to properly assail the petition. Others will be ignored.

It is contended that material parts of the award necessary to a statement of the cause of action was omitted from the petition. An examination of the latter in conjunction with the award does not sustain this contention. On the contrary, so far as the award has any material relevancy to the claim of the plaintiff it is fully set forth in the petition.

It is further urged that the allegations of the petition disclose that the plaintiff had an adequate remedy at law and hence the invoking of equitable jurisdiction was unauthorized. By a remedy at law as contemplated by the defendant, reference is evidently intended to be made to the statute which permits an appealing party to file a motion to vacate an award. Upon the grounds stated in the petition an award could not have been vacated at the common law; for example, matters extrinsic thereto, such as fraud, mistake or partiality in the arbitrator. Redress in such a case is in equity. While ordinarily the statutory remedy does not affect prior equita-

ble jurisdiction, in the matter at bar the statute which authorizes the filing of a motion to vacate an award expressly provides that the statutory remedy shall not affect equitable jurisdiction. This statute is as follows:

"Nothing contained in this chapter shall impair or diminish or in any way affect the authority of the court of equity over the awards of arbitrators, or the parties thereto, nor impair or affect any action upon any award, or upon any bond or other agreement to abide any award." [Sec. 891, R. S. 1909.]

Not only has this court, but the Kansas City Court of Appeals, held, after quoting with approval the language of the Supreme Court of Massachusetts in Strong v. Strong, 9 Cush. 560, that the foregoing statute "exhibits strong marks of legislative solicitude, that the arm of a court of equity in this regard should not be shortened. . . . So that authorities which might otherwise be pertinent as showing, under different statutory regulations, a preclusion of equitable interferences in cases of this sort, have no applicability when a statute such as ours is in force." [Hyeronimus v. Allison, 52 Mo. l. c. 105; Shawhan v. Baker, 167 Mo. App. l. c. 37.]

There is no merit in the contention that the petition does not sufficiently allege the partiality of the arbitrator. It sets forth abstracts from the award in the exact words of the latter wherein it is averred that he was guilty of partiality and in misstating the evidence; the particulars of such misstatement being specifically pleaded as follows:

"'In disregarding the aforesaid matters and things, and in failing to avail himself of said offer and tender of said Pacific Lime & Gypsum Company, and furthermore in failing to require said Pacific Lime & Gypsum Company to produce its said books, if he considered further information requisite, the said arbitrator failed and wilfully omitted to exercise the functions and offices which were confided to him by said agreement of arbitration, and which, as he well knew, the parties to said agreement intended he should exercise, and was

grossly and willfully derelict in the performance of the duties which he owed the plaintiff under said agreement;' and that, but for the dereliction of the arbitrator hereinbefore referred to, the arbitrator would have awarded the said Pacific Lime & Gypsum Company at least seventeen thousand dollars more than he did award it for its damages for the failure of the defendant to complete the mill within the time required by the contract.''

The petition further specifically alleges misfeasance on the part of the arbitrator in misconceiving the evidence adduced as a sufficient ground to vitiate the award. Reference is made to this particular averment, not to pass upon its materiality as affording a ground for setting aside the award, although many authorities so hold, but to show that if tenable it is well pleaded and, under the circumstances, not subject to demurrer.

The petition states a cause of action and the ruling of the trial court is in error. The judgment is therefore reversed and the cause remanded. All concur.