MISSOURI BRIDGE & IRON COMPANY, Appellant, v. PACIFIC LIME & GYPSUM COMPANY et al.

MISSOURI BRIDGE & IRON COMPANY v. PACIFIC LIME & GYPSUM COMPANY et al., Plaintiffs in Error.

Division Two, November 19, 1921.

1. **RES ADJUDICATA: Sufficient Petition: Arbitration.** A former ruling that allegations in a petition in the nature of a bill in equity were sufficient to question the correctness of the arbitrator's award, is not determinative of the issues whether the trial court subsequently erred in striking from the files a motion filed by plaintiff to confirm the arbitrator's award, or whether it erred in overruling defendants' motion to stay proceedings or their motion subsequently filed to vacate said award.

2. **PENDENCY OF ANOTHER ACTION: Demurrer: Arbitration: Motion to Vacate Award: Motion to Strike from Files.** The pendency of another action between the same parties and involving the same issue is not sufficient to sustain a ruling striking out a motion to vacate the award of the arbitrator, unless the pendency of such other action is made manifest by the face of the motion. A demurrer strikes only at the face of a pleading the sufficiency of which it assails; and if the motion to vacate the award of an arbitrator makes no reference to the pendency of another suit, a motion to strike it out on that account is futile as a demurrer and cannot be sustained.

3. **APPEAL:** Arbitration: Motion to Confirm Award: **From Order Striking Out.** A plaintiff which files a motion in the circuit court to confirm the award of an arbitrator, is not entitled to an appeal from an order sustaining defendant's motion to strike said motion from the files. The ruling is not a final disposition of the case, nor does it come within the class of interlocutory orders from which appeals are authorized under the general statute (Sec. 1469, R. S. 1919) or the chapter on Arbitration (Chap. 3, R. S. 1919).

4. **WRIT OF ERROR:** Arbitration: Order Sustaining Motion to Vacate Award. A writ of error will not lie to review an order striking from the files a motion by defendant to vacate an arbitration award. The statute (Sec. 616, R. S. 1919) authorizes an appeal or writ of error from an order vacating an award, but it does not authorize either from an order overruling a motion to vacate; and such order is neither a final judgment nor such an interlocutory order as will authorize an appeal therefrom under the general statute (Sec. 1469, R. S. 1919).

Appeal and writ of error from St. Louis City Circuit Court.—*Hon. Wm. T. Jones* and *Hon. Rhodes E. Cave,* Judges.

WRIT DISMISSED.

*Cobbs & Logan* for appellant.

(1)   The purpose of our statute, requiring fifteen days' notice before filing an award, is to give the defeated party a chance to object, and may be waived.  Sec. 603, R. S. 1919; 5 C. J. 239; Brace v. Stacy, 56 Wis. 148. (2)   The statute requiring fifteen days' notice before filing the award in this case was waived by respondents: First.  By the acknowledgment of "due service of such notice."  Second.  By a general appearance in the same proceedings, and by filing therein a motion to vacate the same award.  Third.  By appearing generally and moving to strike out the motions to confirm the award, without limiting their appearance to that purpose.

*M. N. Sale* and *David Goldsmith* for respondents.

There is no question but that the plaintiff failed to observe the statutory requirement for the service of a copy of the award and of the motion for confirmation,

and of notice of the filing thereof, upon the defendants at least fifteen days before the filing of the motion for confirmation in the circuit court. (1) The acknowledgment of the service of the motion did not constitute a waiver of the statutory requirement. Donlevy v. Cooper, 2 Nott & McCord (S. C.) 548. (2) Defendants did not enter a general appearance by filing the motion to vacate the award or thereby waived objections to untimely service. Shores v. Bowen, 44 Mo. 396. (3) A motion to dismiss a proceeding for lack of jurisdiction over the person, because of failure of proper service of process, is necessarily a special appearance; for it would be unreasonable to say that a party appears generally in a case, when he moves for the dismissal of the case because the court has no jurisdiction over him. Wabash Western Ry. v. Brow, 164 U. S. 271; Houlton v. Gallows, 55 Minn. 444, 445; Schlesinger v. Good Samaritans, 121 Minn. 147; Law v. Nelson, 14 Colo. 412.

*M. N. Sale* and *David Goldsmith* for plaintiffs in error.

The trial court erred in sustaining the motion of the defendant in error to strike from the files the motion of the plaintiffs in error to vacate the aforesaid award. The said ruling was erroneous and this follows necessarily from the ruling of this court in the case of Pacific Lime & Gypsum Company v. Missouri Bridge & Iron Company, 226 S. W. 853, a case which involved the very same award as the case at bar. In that case, this court held that the petition in that case sufficiently alleged partiality and misfeasance on the part of the arbitrator; and the very same allegations are made in the motion of the plaintiffs in error to vacate the award, which is now before this court upon the present writ of error.

*Cobbs & Logan* for defendants in error.

(1) The decision in Pacific Lime & Gypsum Co. v. Missouri Bridge & Iron Co., 226 S. W. 853, is not controlling in this case. (a) Because other and different

questions are here involved. (b) Because we had in that case a general bill in equity, while here we have a motion to vacate filed under our statute, which must be tested by the terms of our statute. (c) Because this court in the equity case considered only the sufficiency of the allegations as alleged in the bill. The bill set out only parts of the contract and award. Here we have the entire contract and the entire award. The sufficiency of the motion to vacate is to be tested not only by the terms of the statute, but in connection with the terms of the entire contract and entire award. (2) The pendency of another action between the same parties for the same cause in this State was sufficient ground for sustaining the demurrer, or motion to abate, dismiss or strike out. The record in this case shows the pendency of such an action. Sec. 1226, R. S. 1919. (3) Section 606, R. S. 1919, requires "ten days previous notice in writing" before filing a motion to vacate an award. No such notice was given and, if it cannot be waived, the failure to give such notice in this case was good ground for sustaining the demurrer to, or motion to abate, dismiss or strike out the motion to vacate the award. (4) The motion to vacate the award in this case was filed under our statute. Its sufficiency must be tested by the provisions of that statute. The allegations of the motion to vacate, when taken in connection with the provisions of that statute, and the terms of the contract and award, are wholly insufficient to justify the vacating of the award under the statute. Sec. 604, R. S. 1919; Taylor v. Scott, 25 Mo. App. 249; Reeves v. McLaughlin, 65 Mo. App. 537; Shawhan v. Baker, 167 Mo. App. 34; Bennett's Admr. v. Russell, 34 Mo. 524; Vaughn v. Graham, 11 Mo. 367.

WALKER, J.—Each of these cases grows out of the same arbitration and involves the award of the same arbitrator. In April, 1914, the parties hereto entered into a contract of arbitration, and appointed Mr. C. B. Williams as arbitrator. In December, 1915, the arbitrator signed and published his award. In January, 1916,

the Missouri Bridge & Iron Company filed said award in the Circuit Court of the City of Saint Louis; and on the same day said company filed its motion to confirm said award, together with the acknowledgments of the Pacific Lime & Gypsum Company and the Acme Cement Plaster Company of service of the filing of said motion to confirm. In February, 1917, the Pacific Lime & Gypsum Company and the Acme Cement Plaster Company filed a motion in said circuit court to strike from the files the motion of the Missouri Bridge & Iron Company to confirm said award. In June, 1917, the Circuit Court of the City of St. Louis sustained the motion to strike from the files the motion of the Missouri Bridge & Iron Company to confirm said award. In September, 1917, the Missouri Bridge & Iron Company appealed to this court from said order of the circuit court striking from the files its motion to confirm the award of said arbitrator. The foregoing epitomize the proceedings in the first above entitled case.

In January, 1916, the Pacific Lime & Gypsum Company and the Acme Cement Plaster Company filed a motion in the Circuit Court of the City of Saint Louis to vacate the award of the arbitrator above referred to. This motion was continued from term to term until February, 1917, when it was amended by movents striking therefrom a certain allegation in regard to the insufficiency of the attestation of the award. In January, 1918, the Pacific Lime & Gypsum Company and the Acme Plaster Company filed a motion to stay proceeding, which motion was by the circuit court, in May, 1918, overruled. A few days later these two companies filed a motion to set aside the order overruling their motion to stay proceedings, which motion was in June, 1918, overruled. Thereupon, in June, 1918, the Missouri Bridge & Iron Company demurred to or moved to strike from the files the motion theretofore filed by the Pacific Lime & Gypsum Company and the Acme Cement Plaster Company to vacate the award of said arbitrator. This demurrer was by the Circuit Court, in July, 1918, sustained, and said motion to vacate ordered stricken from the files. In June, 1919, the Pacific Lime & Gypsum

Company and the Acme Cement Plaster Company applied to the Supreme Court and was granted a writ of error from the ruling of the Circuit Court striking their motion to vacate from the files. The foregoing epitomizes the proceedings in the second above entitled case.

I.   There is nothing in the ruling of this Court in Pacific Lime & Gypsum Company v. Missouri Bridge & Iron Company (226 S. W. 853) determinative of the matter at issue. In that case the only question involved was the sufficiency of the petition in the nature of a bill in equity. We held that its allegations were ample to question the correctness of the arbitrator's award. In so doing it was neither necessary or proper to pass upon the merits of the case, and it is foreign to any reasonable interpretation of our ruling to so conclude.

<span style="margin-left:2em">Res Adjudicata.</span>

II.   The pendency of another action between the same parties hereto involving the same issue as at bar, is urged in support of the ruling of the circuit court in striking out the motion to vacate the award. It is true that the statute (Sec. 1226, R. S. 1919) prescribes as one of the grounds of demurrer the pendency of another action between the same parties for the same cause. A demurrer, however, strikes only at the face of a pleading the sufficiency of which it assails. The motion to vacate the award constitutes the pleading here demurred to. It nowhere contains a reference, much less an allegation, concerning the pendency of another suit between these parties. So far, therefore, as regards this alleged insufficiency of the pleading to vacate, the motion to strike the same out is futile as a demurrer. A like criticism, with a proper observance of the rules of pleading, may be made against the motion, if regarded as a demurrer, to that leveled against the speaking demurrer in the Pacific Lime & Gypsum case (226 S. W. 855), which sought to assail, on its own allegations, the integrity of a pleading regardless of the facts pleaded in the latter. While a party aggrieved by an award has a

<span>Pendency of Another Suit.</span>

right to file a demurrer to a motion for a judgment on such award, the grounds for the demurrer must appear in the motion, otherwise it will not lie. If the motion does not present such grounds then the proper order is to overrule the demurrer and not to strike it from the files as was done in the case at bar. [Shores v. Bowen, 44 Mo. l. c. 400; Hinkle v. Harris, 34 Mo. App. l. c. 232.]

III. The appeal of the Missouri Bridge & Iron Company is from the order of the circuit court sustaining a motion filed by the Pacific Lime & Gypsum and the Acme Cement Plaster companies to strike from the files the motion of the Missouri Bridge & Iron Company to confirm the award. This order did not result in a final disposition of the case and it was followed by no judgment having that effect, or, in fact, by any judgment. The court's ruling does not come within the class of interlocutory orders from which appeals are authorized either under the general statutes (Sec. 1469, R. S. 1919) or the chapter on arbitration (Chap. 3, R. S. 1919). There is, therefore, nothing for us to review. The appeal was unauthorized and it is dismissed.

Appeal.

IV. A like condition of the record confronts us in the review we are asked to make of the case brought up by writ of error by the Pacific Lime & Gypsum and the Acme Cement Plaster companies. The order of the circuit court in this case was to sustain a demurrer filed by the Missouri Bridge & Iron Company by striking from the files the motion of the said companies to vacate the award. This ruling partakes neither of the form or nature of a final judgment and is not such an interlocutory order as will authorize an appeal therefrom (Sec. 1469, R. S. 1919). While the statute (Sec. 616, R. S. 1919) authorizes an appeal or writ of error from an order vacating an award, such order being in the nature of a judgment, it does not authorize an appeal from an order overruling a motion—whether in the nature of a demurrer or otherwise—to vacate an award. The reason of this distinction is obvious. The sustaining of the motion

Writ of Error: Refusal to Vacate.

to vacate terminates the proceeding and partakes of the nature of a final judgment; the overruling of the motion to vacate is nothing more than an interlocutory order from which the mover may obtain relief, if error, by preserving exception to the court's ruling and appealing or suing out a writ of error from the judgment confirming the award. As to the latter right of review, resorted to in this case, it is horn-book law, in our practice, that in the absence of an express statute, a writ of error will issue only to bring up a final judgment. [Sec. 1485, R. S. 1919; Iba v. Mosman, 231 Mo. 474; Trendley v. Illinois Trac. Co., 241 Mo. 73; Padgett v. Smith, 205 Mo. 122; Hodkins v. Taylor, 59 Mo. 106; Shaw v. Dinwiddie, 53 Mo. 132; Cowhick v. Jackson, 157 Mo. App. 514.] There being no final judgment, the allegation in the petition for a writ of error addressed to this court, and upon which this proceeding for a review is based, that "the order of the circuit court" overruling the motion to vacate the award "was a final order or judgment," not being founded on fact, the issuance of the writ was unauthorized. It should, therefore, be dismissed.

It is so ordered. All concur.