CLARA H. TOLLERTON, APPELLANT, v. WEIGHTSTILL WOODS, RESPONDENT.—89 S. W. (2d) 567.

Kansas City Court of Appeals. January 6, 1936.

*A. J. Bolinger* for appellant.

*Richard H. Woods* for respondent.

REYNOLDS, C.—On October 10, 1934, plaintiff filed her petition in the Circuit Court of Morgan County against the defendant, seeking the recovery of a judgment against defendant in the sum of $425 with six per cent interest from October 9, 1931. Accompanying the petition or annexed to it was the affidavit of A. J. Bolinger, plaintiff's attorney, charging that the defendant was a nonresident of the State of Missouri and that he could not be served with summons in the State. On October 10, 1934, plaintiff filed an affidavit in attachment in said cause, which affidavit, omitting caption, is as follows: "This affiant states, that the plaintiff in the above-entitled cause has just demand against the defendant therein now due, and that the amount that this affiant believes that the plaintiff ought to recover, after allowing all just credits and set offs, is four hundred twenty-seven dollars and sixty cents; and that this affiant has good reason to believe, and does believe, that the defendant is a nonresident of the State of Missouri. (Signed) A. J. Bolinger, (affiant). Subscribed and sworn to before me, this 10th day of October, A. D., 1934. Edgar F. Carpenter, Circuit Clerk." The plaintiff also gave bond in attachment in said cause in the sum of $860, which bond was duly approved by the circuit clerk and filed in said cause. A writ of attachment was thereupon issued by the clerk of the Circuit Court of Morgan County, under which the right, title, and interest of the defendant in and to certain real estate of which he was the owner, situated in Morgan County, was attached, levied on, and seized by the sheriff of such county; and an abstract of such attachment was duly made and returned by such sheriff, which was duly recorded.

On October 16, 1934, the defendant entered his appearance in said cause and made answer to the petition, denying the allegations thereof. Thereafter, on February 23, 1935, the defendant filed a supplemental answer and counterclaim, in which he seeks the recovery upon the counterclaim of $203.80, as a balance claimed to be due him from plaintiff on account of legal services rendered to her by him. To such answer and counterclaim, plaintiff made reply, denying generally the allegations thereof. Thereafter, on April 16, 1935, the defendant filed his motion in said cause for an order quashing all of the proceedings in attachment in said cause and dissolving the attachment and for an order dismissing the cause, assigning the following reasons therefor: "1. Neither the plaintiff nor the defendant reside in Missouri. Both have lived in Cook County, Illinois, for more than twenty years; numerous courts sit daily in Cook County, Illinois; defendant is regularly available there at his office for service of any summons; all of the transactions mentioned and

involved in this proceeding occurred in Cook County, Illinois; all the records are there; and the witnesses reside there. It is an imported claim not relating to any business transaction in the State of Missouri; and is a matter in which it is a burden to ask the State of Missouri to provide a forum. The suit is intended to vex, harass, and annoy the defendant. 2. As an attachment proceeding, the court is without jurisdiction under the common law, under the federal law, and under the attachment law of Missouri. The action is contrary to due process of law.''

Thereafter, on April 22, 1935, the motion was heard by the court and sustained; and it was ordered by the court that the writ of attachment, levy, sheriff's return, notice by publication, abstract of levy, and notice of *lis pendens* each and all be quashed and that all attachment proceedings be dissolved and the record of the abstract of levy in Book 1 at page 156 of the records of Morgan County in the recorder's office of said county be set aside, annulled, and expunged and the record of *lis pendens* in Book 103 at page 131 in the records in the recorder's office of said county be also set aside, annulled, and expunged and the suit be dismissed for want of jurisdiction and the defendant, Weightstill Woods, go hence without day. It was further ordered that plaintiff pay all costs of the suit and that execution issue therefor. No evidence was offered or introduced upon the hearing of the motion.

After an unsuccessful motion for new trial, the plaintiff appeals.

### OPINION.

This appeal must be disposed of within a narrow compass. The defendant's motion to dissolve the attachment and to dismiss the cause challenges the jurisdiction of the Circuit Court of Morgan County to entertain plaintiff's petition or the subject-matter thereof and likewise its jurisdiction to entertain or take any of the proceedings in attachment had, including the issuance of the writ of attachment. By such motion, it is sought to dispose of the entire cause, including the attachment. Such motion amounts to and is a demurrer to the petition, to the entire record in attachment, and to all proceedings for such attachment shown by the record; and, as such, it will be treated and disposed of. [Ruggles v. International Ass'n of Bridge, Structural & Ornamental Iron Workers, 331 Mo. 20, l. c. 26, 52 S. W. (2d) 860, and authorities therein cited.]

The petition on its face sufficiently states a cause of action against the defendant. It does not on its face disclose the existence of any of the facts set up in the motion, upon which the motion is based, other than as it may appear from the affidavit filed therewith or annexed thereto that the defendant is a nonresident of the State; nor does it disclose on its face any fact or facts tending to impeach the

jurisdiction of the court to entertain it or the subject-matter thereof or any fact or facts from which it might be rendered subject to demurrer. The exhibits attached or filed with such petition form no part thereof. This has been many times held to be the law in Missouri. [Hubbard v. Slavens, 218 Mo. 598, 117 S. W. 1104; Lackawanna Coal & Iron Co. v. Long, 231 Mo. 605, l. c. 610 and 611; Pacific Lime & Gypsum Co. v. Missouri Bridge & Iron Co., 286 Mo. 112, l. c. 117 and 118, 226 S. W. 853.] Such exhibits are not to be considered in any attack on the petition.

The mere filing of such motion does not inject into the petition or the record the allegations of fact made therein and thereby make such allegations a part of the petition or the record. [Pacific Lime & Gypsum Co. v. Missouri Bridge & Iron Co., supra, l. c. 117 and 118.]

The affidavit for attachment filed by the plaintiff appears to be regular in form and alleges an existing statutory ground of attachment and is sufficient, together with the petition, to authorize the attachment writ issued and the other proceedings had in attachment. [Sub-division 1, Section 1274, Revised Statutes of 1929, Sections 1276 and 1279, Revised Statutes of 1929.] If it might be considered that upon the facts alleged in defendant's motion when considered with the allegations of the petition a lack of jurisdiction in the court will be made to appear, yet such motion does not prove itself. The motion set up such facts as a basis for the impeachment of the jurisdiction of the court, but no evidence in support of the existence of such facts appears introduced. Such motion is not based on any fact or facts appearing in the petition or the record other than the one showing the defendant to be a nonresident of the State. Such fact alone is not sufficient to impeach the jurisdiction of the court; but, on the other hand, it is one of the express grounds conferring jurisdiction on the court for the attachment under the sections of the statutes above cited. That there is a lack of jurisdiction in the court is made to depend on the existence of the facts alleged in said motion. There was no evidence of any character in support of the motion or otherwise. In the absence of any evidence or other matter in the record tending to show the existence of such facts, the action of the court in sustaining such motion and in dissolving the attachment proceedings thereunder and dismissing the cause must be held erroneous.

Other questions are discussed in the briefs which may not be herein determined for the reason that such questions do not appear to be based upon any action of the trial court with respect to the matters involved therein or with respect to any matter from which they might properly arise. The motion unsupported by evidence, as has been noted, is ineffective to incorporate the matters alleged therein in the record so that they might be considered by the court and the court might render judgment thereon. Such questions are there-

fore irrelevant to any question properly presented for consideration and determination on this appeal, and to consider or determine the same would be but to consider and determine questions that are moot so far as this appeal is concerned.

On account of the erroneous ruling of the court upon defendant's motion to dismiss the cause and to dissolve the attachment proceedings, the judgment herein must be reversed; and the cause must be remanded for new trial. It is accordingly so ordered. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of REYNOLDS, C., is adopted as the opinion of the court. The judgment is reversed, and the cause is remanded. All concur.