COMBS v. SULLIVAN COUNTY, *Appellant.*

DIVISION ONE.

1. **Estoppel:** SETTLEMENT. One who is present at a settlement, and shares in its proceeds, is bound as to all matters included therein.

2. ———: PLEADING. The estoppel in this case *held* to have been sufficiently pleaded.

*Appeal from Adair Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED AND REMANDED.

*J. M. Wattenbarger* and *D. M. Wilson* for appellant.

(1) The answer states facts sufficient to constitute an estoppel, and defendant's instructions, numbered 1, 2, 3, 5 and 6, should have been given. R. S. 1889, sec. 2049; Bigelow on Estoppel [1 Ed.] pp. 480, 590, 607; *Rice v. Bunce,* 49 Mo. 231; *Pelkington v. Ins. Co.,* 55 Mo. 172; *Guffey v. O'Reiley,* 88 Mo. 425; *Vilas v. Smith,* 25 Wis. 310; *Swain v. Seaman,* 9 Wall. 254.

(2) The facts set up in the answer constituted an estoppel, and the evidence of defendant amply supported them. The court, therefore, erred in refusing to give defendant's instructions, numbered 1, 2, 3, 5 and 6. *People v. Brown*, 67 Ill. 435 ; *Gruber v. Baker*, 9 L. R. A. 302; *Greenwood v. Ins. Co.*, 27 Mo. App. 401, and cases cited in paragraph 1 of brief. (3) The evidence of Harris, Morris and Hatfield disclosed a state of facts, which, if true, completely barred plaintiff's cause of action. As the answer sufficiently set up this defense, the jury should have been permitted to pass on this question. Thompson on Charging the Jury, sec. 78 ; *Ridens v. Ridens*, 29 Mo. 470 ; *Cahn v. Reid*, 18 Mo. App. 115. (4) Although the answer does not state facts sufficient to constitute an estoppel, or even if no attempt to plead an estoppel had been made, yet the evidence of defendant was admitted on the trial without objection, as if specially pleaded. This being so, instructions based on this evidence should not have been refused. The question of pleading was clearly waived by this failure to object to the evidence, and the defendant had a right to have the case put to the jury on the theory, on which, by consent of plaintiff, it had been tried. *Stewart v. Goodrich*, 9 Mo. App. 125. (5) The defendant's fourth instruction properly presented the law, and the court erred in refusing it. *Flournoy v. Andrews*, 5 Mo. 513 ; *Clemens v. Collins*, 14 Mo. 423. (6) The first instruction given plaintiff by the court of its own motion did not properly declare the law. *Wells v. Zallee*, 59 Mo. 509; *Sturgeon v. Railroad*, 65 Mo. 569. (7) The court erred in entering up judgment on the verdict. Judgment should have been arrested. *St. Louis v. Allen*, 53 Mo. 44.

*A. W. Mullins* for respondent.

(1) Defendant's answer presented two defenses to the plaintiff's action : *First*, that plaintiff was not the

owner of the coupons sued on; and, *second*, that said coupons had been paid. There was no question of estoppel presented by the pleadings in the case. To be availed of estoppel *in pais* must be pleaded. *Hammerslough v. Cheatham*, 84 Mo. 13; *Bray v. Marshall*, 75 Mo. 327; *Ferneau v. Whitford*, 39 Mo. App. 311; *Werner v. O'Brian*, 40 Mo. App. 483. (2) The instructions given on the court's own motion stated to the jury clearly and fully the law on every question raised by the pleadings in the case. All that was correct and applicable to the case in the instructions asked by the defendant was covered and well presented by those given by the court. (3) The point made by appellant in the fourth paragraph of the brief is not well taken. While there conceding that the answer did not plead an estoppel, yet it is insisted that there was evidence introduced that authorized instructions on that question. Such is not the law even if such evidence had been offered. *Bray v. Marshall*, 75 Mo. 327. (4) Although the appellant assigns for error the giving by the court of the instruction, numbered 5, asked by plaintiff, no point is made on it in the counsel's brief. I suppose, therefore, that all objection to it has been abandoned. But it is mere elementary law which that instruction announces. Tiedeman on Com. Paper, sec. 473; 2 Daniel, Neg. Inst., secs. 1502, 1503. (5) There is no ground for a reversal of the judgment because of the form of the verdict of the jury. It was by agreement of parties that the jury were instructed to return a general verdict on the whole case as was done by the jury. Then if the verdict should be for the plaintiff the court was to make the computation. This was done. It is not claimed that there is any error in the amount of the judgment. If the plaintiff was entitled to recover at all, the amount found for him, and for which judgment was rendered, is exactly correct. To authorize a reversal of the judgment of the trial court, error must appear materially affecting the merits of the

action to the prejudice of the appellant. R. S. 1889, sec. 2303; *Cartright v. Culver*, 74 Mo. 179, 182–3; *Wells v. Zallee*, 59 Mo. 509; *Gordon v. Eans*, 97 Mo. 587; *Hunter v. Miller*, 36 Mo. 143; *McLeod v. Kiles*, 81 Mo. 603.

BLACK, J.—This action is based on twenty-two interest coupons for the sum of $35 each, due on the first day of May, 1882. Payment coupled with estoppel is the real defense interposed.

On the first day of November, 1871, the defendant county issued two hundred bonds of the denomination of $1,000 each, in payment of a subscription to the stock of a railroad company. Twenty-two of these bonds were claimed by different persons, the plaintiff having the largest interest in them. The controversy between the parties resulted in a suit in the state court, and the appointment of Brownlee as receiver, and the twenty-two bonds were turned over to him. That suit seems to have been transferred to the circuit court of the United States, and the bonds were in the hands of the clerk thereof for some time. The rights of the parties having been adjusted by that court the bonds and all the coupons were again turned over to Brownlee as receiver on the sixth of April, 1882.

On May 17, 1882, there were eleven past due coupons upon each of the twenty-two bonds. On that day Brownlee as such receiver and Mr. Hatfield, as the financial agent of the county, made a settlement whereby the county issued new bonds for the twenty-two then in the hands of Brownlee. As a part of the same settlement the county agreed to pay, at a subsequent date, a specified amount for matured coupons. The evidence on both sides shows that these negotiations were continued over two days; that Brownlee and Hatfield were unable to agree; that the plaintiff had the largest interest in the bonds and coupons, and he and the presiding county judge took the matter in hand and concluded

the settlement, which was reduced to writing, signed by Brownlee and Hatfield, and placed in the hands of the clerk of the county court. On December 30, 1882, the county treasurer paid to Brownlee $5,505, and received the latter's receipt therefor "in full settlement of contract made with county of Sullivan, dated May 17, 1882, in which all coupons are to be surrendered, and which is in full and final settlement of all claims and matters in my hands as receiver."

The evidence of the county clerk is to the effect that, after the payment just mentioned, he gave the agreement to plaintiff. The plaintiff testified that he did not get the agreement from the clerk, and never had it. It was not produced on the trial by either side. The evidence of the county officers who participated in the settlement and who saw the agreement is direct and positive to the effect that it included all the past due coupons. The plaintiff testified that he received the twenty-two coupons which matured the first of May, 1882, from Brownlee a few days before they matured; that he took them as so much cash; that he had them in his possession when the agreement was made with the county, and that they were not included in that agreement. His evidence is supported by that of Brownlee. He admits that he was present when that agreement was made, and was instrumental in bringing it about. He says he did not make it known to any of the county officers that he owned the coupons sued upon. He made no claims upon the county for payment of the coupons in suit until some months after the final payment made to Brownlee, and he was present when that payment was made.

There can be no doubt but the county officials made the agreement of date May 17, 1882, supposing and believing that Brownlee had and held all of the coupons. If the settlement included all the matured coupons and the plaintiff was present and assisted in negotiating that settlement and shared in the proceeds arising from

Combs v. Sullivan County.

it, then on the plainest principles of justice he is estopped from now setting up ownership to any of the coupons then due ; and it makes no difference whether he acquired them before or after maturity.   A citation of authorities to support such plain and simple propositions is unnecessary.   There is an abundance of evidence to support this defense of estoppel.

The defendants' second and fifth instructions which set forth this theory of defense should have been given, and the court erred in refusing to give them.   The instructions given do not cover this defense.   It is probable that the court refused to instruct on this defense on the ground that it was not well pleaded.   The answer sets out the fact that Brownlee held the bonds and coupons in the capacity of a receiver, the agreement made with Hatfield, financial agent of the county, the payment of the money thereby agreed to be paid to Brownlee, and alleges, that the plaintiff was "present, aided and assisted in making the terms of said contract of settlement in person, and assented thereto," and that he received his proper share of the money paid by the treasurer to Brownlee under and in full compliance with the settlement.   The answer sets out the facts as disclosed by the evidence produced by the county with even unnecessary detail, and discloses a good defense. The court erred in holding that it did not make out a defense of estoppel.

The judgment, which was for the plaintiff, is reversed and the cause remanded for new trial. BARCLAY, J., absent, the other judges concur.