[Civil No. 2066. Filed December 22, 1923.]

[220 Pac. 1084.]

## SADIE B. SUMID and RICHARD SUMID, Appellants, v. NINA L. CAIRNS, Appellee.

1. DEEDS—UNRECORDED DEED REVOKED BY GRANTEE ACQUIESCING IN SUBSEQUENT DEED BY GRANTOR.—As the grantee of an unrecorded deed could return it and authorize the grantor to convey the land to another in trust for the first grantee, with the result of such trust deed being effective, like result follows from the first gran-

See 18 C. J., p. 404; 25 Cyc. 1171; 31 Cyc. 56; 39 Cyc. 234.

tee ratifying, by acquiescence in such a deed in trust executed by the first grantor.

2. TRUSTS—GRANTEE IN TRUST DEED BY ACCEPTANCE ESTOPPED TO DENY GRANTOR'S TITLE.—The grantee in a deed of trust, by accepting the trust and taking possession of the premises conveyed, is estopped to deny the grantor's title.

3. PLEADING—ALLEGATION OF COMPLAINT HELD NOT A MERE CONCLUSION BUT A STATEMENT OF AN ULTIMATE FACT.—Allegation of complaint to have impressed with a trust land which plaintiff's father, after conveying to her by unrecorded deed conveyed to defendant in trust for plaintiff, that plaintiff learning of such conveyance in trust acquiesced in it, *held* not to state a mere conclusion, but to be a statement of an ultimate fact; namely, that plaintiff on learning of such conveyance in trust elected to confirm and ratify it.

4. LIMITATION OF ACTIONS—UNEQUIVOCAL DECLARATION OF REPUDIATION NECESSARY TO START RUNNING OF STATUTE AGAINST ENFORCEMENT OF EXPRESS TRUST.—Where land was conveyed to defendant on an express oral agreement to hold it in trust for plaintiff, a holding thereunder can be converted into one adverse to plaintiff, starting limitations against a suit to establish and enforce the trust, only by a clear and unequivocal declaration of such intention brought to plaintiff's attention.

5. LIMITATION OF ACTIONS—MERE FAILURE OF TRUSTEE TO RESPOND TO INQUIRIES NOT REPUDIATION STARTING RUNNING OF STATUTE.— Mere failure of trustee to respond to repeated inquiries by *cestui que trust* is not notice of clear and unequivocal repudiation of trust necessary to start running of statute against suit to establish and enforce an express trust.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Affirmed.

Messrs. Kibbey, Bennett, Gust & Smith and Mr. Frank J. Duffy, for Appellants.

Messrs. Alexander & Christy, for Appellee.

LYMAN, J.—The plaintiff, Nina L. Cairns, appellee in this court, is suing to have certain lands impressed with a trust for her benefit and for an accounting. The decree of the court upon findings of fact and conclusions of law was in her favor. The

court found that in January, 1913, Herbert L. Sanderson, the father of the plaintiff and of Sadie B. Sumid, one of the defendants, and the wife of the other defendant, who are appellants in this court, deeded to defendant Sadie B. Sumid, the land in question, including an eighty-acre tract and two town lots. In form the conveyance was a plain warranty deed. It was the purpose, however, of the grantor, as expressed by oral agreement with grantee, to vest the title to an undivided one-half of the premises absolutely in the grantee, and the other undivided one-half in trust for the use and benefit of the plaintiff, then Nina L. Sanderson, who was at the time *non compos mentis,* residing in a sanitarium in the state of California. By the terms of the trust the defendant Sumid was required to use the trust estate, or the proceeds from it, or such part of the proceeds as might be required, for the care and support of her invalid sister, the plaintiff, during the period of her disability, and, if she should recover, to turn over to her any unused portion of such trust estate.

In March of the same year plaintiff was discharged from the sanitarium, and then or soon afterwards recovered her mental and physical health, continuing to reside in California, until shortly before the commencement of this action by the advice of her physicians that the climate there was more favorable to her health.

The defendant trustee executed her trust to the extent of providing funds for the care of her sister while confined in the sanitarium. In October, 1914, the plaintiff learned for the first time from her father the fact and conditions of the conveyance by him of the lands to her sister. Subsequently she wrote to her sister, asking her to comply with the terms of the trust. This demand was repeated a number of times without receiving any answer whatever. In the meantime, defendant Sadie B Sumid had con-

veyed an undivided one-half of the farm lands to her husband, Richard Sumid, the other defendant, who had advanced such funds as had been used in caring for the plaintiff and in paying taxes and water charges on said lands. This suit was commenced in May, 1920.

The sufficiency of the complaint to state a cause of action is raised by demurrer, which was overruled. The ruling of the court is declared here to be erroneous. The complaint, preliminary to stating the cause of action substantially as above indicated, recited that, before making the deed to defendant, Sanderson, had executed and delivered to the plaintiff a deed, in which he conveyed jointly to her and to her sister, Sadie B. Sumid, the same eighty acres of land. This deed, unrecorded, was with plaintiff's effects, which were taken possession of by the defendant Sadie B. Sumid at the time of plaintiff's illness, and was never surrendered or accounted for.

The complaint also alleged that the plaintiff, upon recovering her mental capacity and learning of the conveyance to her sister in trust for her own benefit of the same premises which had formerly been conveyed to her directly, acquiesced in the transaction. It seems to be the view of the demurring defendant that, after having conveyed the eighty acres in question to the plaintiff, the subsequent conveyance of the same land to the defendant in trust for the plaintiff was void and without effect, and so indeed it would have been had not the plaintiff acquiesced in the subsequent transfer, as it is alleged in the complaint that she did do.  .

It would seem unnecessary to enforce by argument or authority the proposition that the plaintiff could herself have returned the deed to the grantor, and have authorized the grantor in the place of the old one to execute a new deed of such import, as he in fact did do, and deliver it to the defendant Sumid.

Under such circumstances the plaintiff would be estopped from disputing the efficacy of the new deed. What she could authorize to be done she can with equal effect ratify and acquiesce in after it is done. *Wardman* v. *Harper,* 156 Iowa, 453, 136 N. W. 893; *Tallman* v. *Huff,* 65 Colo. 128, L. R. A. 1918F, 399, 173 Pac. 869.

The plaintiff was not, however, called upon to disclose by either pleading or proof the character of Sanderson's title at the time he made conveyance to the defendant. After defendant accepted the trust, and took possession of the premises conveyed to her in trust, she became estopped from denying the title of her grantor. Perry on Trusts, par. 280. By the acceptance of the trust she binds herself to maintain the title she has received, and execute the trust as it has been imposed upon her. To act adversely is to violate the trust. *Guilfoil* v. *Arthur,* 158 Ill. 600, 41 N. E. 1009.

The allegation of the complaint that the plaintiff, upon learning of the conveyance to the defendant in trust, acquiesced in it is said by the defendant to state a mere conclusion, and render the complaint obnoxious to her demurrer. This allegation is a statement of an ultimate fact. That fact is that when the plaintiff learned of the conveyance in trust she elected to conform and ratify it. Her declaration of ratification was the ultimate fact, and the allegation of such election in itself constitutes the declaration. There is no merit in this demurrer. The complaint states a cause of action for the enforcement of a trust.

The bar of the statute of limitations is pleaded, and it is defendants' view that pleading and proof indicate that, whatever right plaintiff might otherwise have had, it became lost by failure to assert it in due time. It is the plaintiff's view, however, that the plea of the statute is inadequate and in-

effective, because it fails to state the facts showing that defendant held the property adversely.

The defendant went into possession of the premises under an agreement to hold an undivided one-half in trust for her sister. There is no allegation in the pleading how or when, if at all, she repudiated her trust and asserted the claim to hold the property as her own. As a general rule, length of time is no bar to a trust clearly established, and express trusts are not within the statute of limitation. The possession of a trustee is presumed to be the possession of the *cestui que trust*. A holding under such a trust can only be converted into a holding adversely to the rights of a *cestui que trust* by a clear and unequivocal declaration of such intention brought to the attention of the *cestui que trust*. It is only then and in that way that the statute of limitation will begin to run. *Speidel* v. *Henrici*, 120 U. S. 377, 30 L. Ed. 718, 7 Sup. Ct. Rep. 610 (see, also, Rose's U. S. Notes).

But whatever the state of the pleading upon that point may be, there was evidence upon that issue and a finding by the court to the effect that the defendant Sadie B. Sumid, since the conveyance to her of the lands in question, "has not disavowed or repudiated the conditions or trust upon which said deed was executed and delivered to her, nor given any notice to the plaintiff of any disavowal or repudiation of such conditions or trust until after this action was commenced." Without discussing at length the evidence upon which this finding is based, we have no uncertainty that as to the notice of any such repudiation such as the law contemplates and requires, none was ever brought home to the plaintiff. The repeated inquiries of the plaintiff addressed to the trustee brought no response. In the absence of clear and definite knowledge upon the subject, the plaintiff had a right to assume that her sister would fulfill her obligations to her. The law sustains her in that pre-

sumption. Every intendment and presumption is against such repudiation.

The defendant complains that the finding by the court that the defendant held the property in trust was not supported by the evidence. Although the defendant herself denies most of the facts upon which the trust is based, the evidence against her is so complete and overwhelming that the court could have arrived at no different conclusion.

In adjusting the equities in its decree, the court directed the defendant, upon being fully reimbursed for all money expended by her under the trust agreement, to convey to the plaintiff the west one-half of the eighty acres and an undivided one-half interest in the town lots. The court found that the defendant held in trust an undivided one-half interest in the eighty-acre tract, but she had conveyed away the east one-half, so that it no longer laid in her power to perform the trust specifically. It is stated in the answer that the west half retained by the defendant is no more valuable than the east half, which she had sold. This admission removes that subject from controversy.

I do not find any ground for reversing the decree, and it will be affirmed.

McALISTER, C. J., and ROSS, J., concur.