IDA ALMA HAPPY v. COLE COUNTY BANK, a Corporation, ALBERT W. HAPPY, BERTHA E. HAPPY and O. H. MOBERLY, Commissioner of Finance, Defendants, COLE COUNTY BANK, a Corporation, Appellant.—93 S. W. (2d) 870.

Division One, April 23, 1936.

1026

*Russell T. Keyes, Lieutellus Cunningham* and *Lieutellus Cunningham, Jr.,* for appellant.

H. P. Lauf, John O. Bond and L. H. Cook for respondent.

GANTT, P. J.—Suit in equity to have certain money in the possession of the Cole County Bank impressed with a trust. The court

found that Albert W. Happy was trustee of an estate in favor of plaintiff and that he transferred to the bank funds of said estate amounting to $8569.24, including interest. Thereupon the court decreed that said sum was a trust fund in possession of the bank impressed with a trust for the sole use and benefit of plaintiff. On June 29, 1933, judgment for said sum was rendered against Albert W. Happy and the Cole County Bank. The bank appealed. On July 7, 1934, the Commissioner of Finance closed the bank. On his motion in this court he was made a party defendant November 12, 1935.

In substance the petition alleged that Albert W. Happy was trustee of an estate for minor children, including plaintiff; that he was president of the Cole County Bank and a member of its board of directors; that while acting as president and director of the bank and also as trustee of the estate he transferred to the bank a trust fund belonging to plaintiff, the amount of which was unknown to her; that the bank converted the fund to its use with knowledge that it was a trust fund, and that Albert W. Happy is and was insolvent. Plaintiff prayed that said fund in the possession of the bank be impressed with a trust in her favor, with interest, and for an accounting.

It should be stated that the petition also alleged that Albert W. Happy transferred the trust fund to Bertha E. Happy and that she converted the fund to her use with knowledge that it was a trust fund.

Defendant demurred to the petition on the ground that separate causes of action against the bank and Bertha E. Happy were improperly united in the petition. The demurrer was overruled. Defendant then filed a motion to require plaintiff to elect on which cause she would proceed to trial. The motion was overruled. Thereafter the suit was dismissed as to defendant Bertha E. Happy. The dismissal of the suit as to said defendant eliminated the questions.

Defendant then by plea in abatement and answer alleged that on March 4, 1933, the bank was closed by orders of the President of the United States and the Governor and Commissioner of Finance of Missouri; that on March 14, 1933, it was, by order of the commissioner, with the approval of the Governor, permitted to resume business under restrictions provided in the Laws of Missouri 1933, page 402; that it has been and is now conducting business under said restrictions, and that under said Act of 1933 plaintiff is not entitled to maintain this action. The question was ruled against defendant. Error is assigned on the ruling.

The Act of 1933 authorized the commissioner, with the approval of the Governor, to restrict the business of banks with reference to the withdrawal of assets, payment of checks, or other orders drawn upon deposits, for such time as appeared necessary to protect depositors and other creditors. It also provides that the orders of the

Governor or the commissioner with reference to withdrawals shall be a defense to suits against banks on account of the observance of said restrictions.

Thus it appears that the act only authorized the Governor and commissioner to regulate the banks with reference to the withdrawal of assets and deposits. Plaintiff did not proceed against the assets or deposits of the bank. On the contrary she contended that the trust fund was not an asset of the bank and sought the judgment of the court on the question. The act does not undertake to prohibit the determination of this question by the court.

The answer was a general denial with a plea of the Statute of Limitation. In substance it then alleged that on November 23, 1923, the Commissioner of Finance ordered certain notes canceled as assets and that the stockholders restore the capital, surplus and undivided profits, otherwise the bank would be closed and liquidated. It further alleged that certain stockholders and directors delivered to a Deputy Commissioner of Finance $29,000, including $10,000 delivered by Happy; that the deputy commissioner delivered said sum to the bank in restoration of its capital, surplus and undivided profits, and the bank was permitted to continue business. It further alleged that the deputy commissioner and the directors and officers of the bank did not know that any part of said money was a trust fund; that the deputy commissioner acted in good faith in accepting the money and that it would be contrary to public policy and a fraud upon the bank, its stockholders and depositors for the court to impress said money paid as aforesaid with a trust in favor of plaintiff.

The reply admitted that Happy paid to the Cole County Bank the $10,000, and in substance denied the other allegations of the answer.

I. Defendant contends that there was no evidence tending to show notice to the bank that the money paid by Happy was a part of said trust estate.

There was evidence as follows: In 1917 Albert W. Happy, as trustee, received $22,433 in cash and $14,000 in securities. It was for the sole use and benefit of Corine, Frederick, Ernest and Ida Happy, minor children of a deceased brother of Albert W. Happy. At the time he was president of the Cole County Bank and continued as such until 1925. He deposited a part of the money in the bank to the credit of Albert W. Happy, trustee, and had an account as said trustee with the bank until 1930. He also had an individual account with the bank. He kept the estate's securities in a safe at his home. After an examination of the bank and on November 23, 1923, the Finance Commissioner ordered certain notes, including liabilities of Albert W. Happy, canceled as assets of the bank and ordered the

stockholders to restore the capital, surplus and undivided profits of the bank, otherwise the bank would be closed. Thereupon certain stockholders and directors delivered to a Deputy Commissioner of Finance $29,000, of which $10,000 was paid by Albert W. Happy. The money paid by Happy was the property of the trust estate. He transferred the money by check on his trust account to his individual account and deposited the estate's Liberty bonds in the sum of $2000 to his individual account. He then gave his check for $10,000 on his individual account to the Deputy Commissioner of Finance. This conduct of the trustee was without the consent or knowledge of plaintiff. The deputy commissioner delivered said $10,000 with the money received from the other stockholders and directors to the bank in restoration of assets, and the bank continued business. In the meantime Corine, Frederick and Ernest Happy received from the trustee their share of the estate on becoming twenty-one years of age.

On March 4, 1933, the bank was closed by orders of the President, Governor and Commissioner of Finance. It was permitted to resume business under restrictions on March 14, 1933.

On May 27, 1932, Ida became twenty-one years of age. She demanded from the trustee an accounting. In July, 1932, she received from him a statement which showed a balance of $8442.61 due her from the trustee. He did not make settlement, and on March 24, 1933, she filed this suit against Albert W. Happy and the Cole County Bank.

Defendant admits that the $10,000 paid by Happy to the bank was a donation. [7 C. J., p. 492.] If so, the record presents no question of notice. The rule follows:

"It is a universal rule, that if a man purchases property of a trustee, with notice of the trust, he shall be charged with the same trust, in respect to the property, as the trustee from whom he purchased. And even if he pays a valuable consideration, with notice of the equitable rights of a third person, he shall hold the property subject to the equitable interests of such person. . . . Of course, a mere volunteer, or person who takes the property without paying a valuable consideration, will hold it charged with all the trusts to which it is subject, whether he have notice or not; for in such case no wrong or pecuniary loss can fall upon him, in compelling him to execute the trust to which the property that came to him without consideration was subject. Such purchases from trustees, whether for value or not, are fraudulent, and equity will follow the property and fasten the original trust upon it for the security of the *cestui que trust,* or other person holding an equitable interest. . . ." [1 Perry on Trusts & Trustees (7 Ed.), pp. 379, 380.]

Furthermore, the cashier and other *active* employees knew that many checks were drawn on the trust account for the support and

education of the children; and that the estate's securities called for redemption were credited to said account. In other words, the bank had actual knowledge that the account was a trust fund; that Happy transferred said fund to his individual account and from said account paid the $10,000 in restoration of the assets of the bank.

Furthermore, the Finance Department had recently examined the bank, ordered notes amounting to $62,000 canceled, and knew that Happy was insolvent. In this situation it must be charged with notice that the money paid by Happy was a trust fund. Furthermore, in this connection and on this record it could not be contrary to public policy or a fraud on any person for the court to restore the fund.

II. Defendant also contends that the rights of the parties with reference to the trust fund should be fixed as of November 24, 1923.

It was on this date that Happy paid the $10,000 to the bank. At that time he had not settled with either Frederick, Ernest or plaintiff. From this it is argued that plaintiff had only a one-third interest in the fund.

The trouble with the contention is that defendant had no rights to be fixed. It had no interest in the fund. At the time of the trial the trustee had settled with Corine, Frederick and Ernest. Of course, plaintiff was entitled to the balance of the estate.

III. Defendant also contends that the will of Louisa Happy was not authenticated as required by law and that its admission in evidence was error.

Even so, Happy testified that he received the money as trustee for the use and benefit of the children; that he had an account with defendant as trustee of said estate, and that he distributed to three of the children their shares of the estate. This was substantial evidence tending to establish a trust and defendant's connection therewith.

IV. Defendant also contends that "no money judgment can be rendered in an action for an accounting unless an interlocutory decree for an accounting be first made and an accounting had thereon."

At the trial the court, without objection, ignored the plea for an accounting. There was no real controversy either about the correctness of the statement rendered by Happy to plaintiff, or the correctness of the copy in evidence of the trustee account with the bank. In this situation the court was authorized to render a final judgment in the case.

V. Defendant also contends that plaintiff's cause of action was barred by the five-year Statute of Limitations. The contention pro-

ceeds on the theory that the trustee was barred and therefore plaintiff was barred. We do not think so. In transferring the $10,000 to the bank, the trustee did not represent his ward. He acted for the bank and not in her interest. Of course, being under disability she was not barred, and she had no representative in the transaction through whom she could be barred. [Elliott v. Machine Co., 236 Mo. 546, l. c. 564, 565, 139 S. W. 356.]

The judgment should be affirmed. It is so ordered. All concur.