No. 35,273

In the Matter of the Estate of John J. Rutherford, Deceased (ROBERT M. FINLEY, Special Administrator, et al., *Appellants*, v. J. F. BARTLEY, as an Individual and as Executor of the Last Will and Testament of John J. Rutherford, Deceased, EDWARD RUTHERFORD, ADA BARTLEY, an Insane Person, ORDA RUTHERFORD, an Incompetent Person, VEDA McCONNELL, JOHN M. WOODCOCK, and THE STATE BOARD OF SOCIAL WELFARE, *Appellees*).

(118 P. 2d 553)

Opinion filed November 8, 1941.

*Roy V. Nelson* and *Robert M. Finley*, both of Hiawatha, for the appellants.

*Walker F. Means* and *John S. Haney*, both of Hiawatha, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: This is an appeal from an order and judgment of the district court of Brown county allowing the claim of J. F. Bartley against a trust estate. The trust was created by the will of John J. Rutherford, who died in 1929. The will of Rutherford provided:

"I give, devise, and bequeath my estate as follows: that is to say, first, the sum of six thousand dollars ($6,000) in trust, to Frank Bartley, as trustee for my youngest son, Orda Rutherford.

"The said trustee to invest said sum in first class securities, and to use the interest in caring for and maintaining the said Orda Rutherford, and at his, the said Orda Rutherford's death, the principal sum of six thousand dollars, shall be divided among my children, share and share alike.

"Second, I give and bequeath to my beloved children Edward Rutherford, Eva Woodcock, and Ada Bartley, the remainder of my estate, share and share alike.

"I make, constitute and appoint my son-in-law, Frank Bartley, of Brown county, state of Kansas, executor of this my last will and testament."

The testator died in October, 1929. The will was duly admitted to probate and J. F. Bartley was appointed executor of the will. The assets of the estate as shown by the inventory amounted to $17,255.-24. In November, 1929, the executor made a partial distribution of $1,500, and in September, 1930, a partial distribution of $600 to the legatees. In January, 1931, the executor filed his first accounting. No further accounting was filed until November, 1940. In this accounting J. F. Bartley asked reimbursement for expenses incurred in behalf of Orda Rutherford, an incompetent, who was the beneficiary in the trust created by the will of John J. Rutherford.

Ada Bartley, wife of J. F. Bartley, the executor, was a sister of Orda Rutherford. Orda Rutherford lived with J. F. Bartley from November 1, 1929, until April 10, 1935. He was an epileptic and required constant care. Bartley claimed reimbursement for money that was expended for clothes and medicine and for the reasonable value of his board and room.

The allowance asked for by Bartley was denied by the probate court, but on appeal to the district court the order of the probate court was set aside and the claim allowed. The appeal is from the order and judgment entered by the district court. Bartley was designated as trustee of the trust fund and also as executor of the will.

In Restatement of Trusts, § 6, *Comment b*, it is stated:

"*Duties*. The duties of an executor are limited to the winding up of the estate of a decedent and are temporary in their character. In the absence of a statute otherwise providing, the duties of an executor are: (1) to reduce to possession the personal assets of the testator; (2) to pay the testator's debts; (3) to pay legacies; and (4) to distribute the surplus, if any, among the testator's next of kin.

"If a testator names the same person as executor and as trustee, he is acting as executor in performing the four duties named above; but in performing additional duties he is acting as trustee. He may act as trustee with reference to a part of the property although he is still acting as executor with reference to the rest of the property."

It was the duty of Bartley as trustee to earmark the trust funds and not to mingle the trust funds with his own funds. It was also the duty of the trustee to keep clear and accurate accounts with

respect to the administration of the trust. The trial court found the trustee had failed to keep and render proper accounts, that he had mingled the trust funds with his own funds and that he had not faithfully administered the trust, and directed that he should be removed as executor and that he should be allowed no compensation. The court further found that there was no intention on the part of Bartley to defraud the estate, and found that Bartley had advanced and paid out of his own funds for necessaries for the benefit of Orda Rutherford; that he had furnished room, board and care for him from November 11, 1929, until April 10, 1935; that the same was done with the knowledge and approval of the probate court and that the trustee should be repaid such sums whenever funds are available from the trust estate above current necessary needs of Orda Rutherford.

The trust was created for the express purpose of caring for and maintaining the incompetent son of the testator. As to the care and support of the afflicted son from 1929 to 1935, the time covered by the claim, the record discloses faithful preformance.

A trustee is entitled to be credited on the accounting with sums advanced by him from his own funds when such payments were in the exercise of powers expressly or impliedly granted to him by the trust instrument, or which were made under the order of the court. (4 Bogert on Trusts and Trustees, § 971; 65 C. J., p. 705; 26 R. C. L., p. 1281.)

It is contended the claim is barred under the provisions of the nonclaim statute, G. S. 1939 Supp. 59-2239. While it is true the claim of Bartley for reimbursement appeared to be a demand, in form, against the estate of the deceased testator, yet the record shows it was considered by the court as a part of the accounting by the trustee showing the administration of the trust estate. The judgment of the court was that it was to be paid out of the trust estate. The claim was not by the executor against the estate of the testator, but by the trustee against the trust estate. Clearly the claim was not within the nonclaim statute.

It is also contended that the claim for indemnity on the part of the trustee was barred by the statute of limitations. The last item in the account of the trustee showing funds advanced for the care and maintenance of the beneficiary was in 1935. As the account was filed more than five years from that date it is now urged that the claim is barred under G. S. 1935, 60-306. The point cannot be

sustained. We are dealing with an express trust, and the general rule is that the statute of limitations does not run between the trustee and the beneficiary so long as the trust relationship exists. (37 C. J., p. 903.) Prior to the new probate code (G. S. 1939 Supp. 59-1601, 59-1611) we had no statutory provisions for periodic or final compulsory accounting by trustees. (See G. S. 1935, 20-1107.) We think the allowance of the claim of trustee, like the allowance of compensation, was within the discretion of the trial court. On the question of compensation we quote Restatement, Trusts, § 243, *Comment c:*

"It is within the discretion of the court whether the trustee who has committed a breach of trust shall receive full compensation or whether his compensation shall be reduced or denied. In the exercise of the court's discretion the following factors are considered: (1) whether the trustee acted in good faith or not; (2) whether the breach of trust was intentional or negligent or without fault; (3) whether the breach of trust related to the management of the whole trust or related only to a part of the trust property; (4) whether or not the breach of trust occasioned any loss and whether if there has been a loss it has been made good by the trustee; (5) whether the trustee's services were of value to the trust."

The trial court acquitted the trustee of intentional wrongdoing in the management of the trust funds. For his negligent conduct he was removed as trustee and denied any allowance of compensation for his services in the management of the trust estate. At the same time, the court, in the exercise of its discretion, allowed the claim of the trustee for reimbursement for funds advanced and services rendered the incompetent beneficiary.

Under the will of John J. Rutherford the trustee was directed to use the interest of the fund for the care and maintenance of Orda Rutherford; upon the death of Orda the corpus of the fund was to be divided among the children of the testator. The judgment of the court directed that the trustee was to be paid the amount allowed whenever funds are available from the trust estate above the current necessary needs of Orda Rutherford. As we construe the order and judgment of the court, the amount allowed the trustee is to be paid only out of the interest upon the $6,000 fund, above the current necessary needs of Orda Rutherford. We approve the judgment so entered and think the same should be affirmed. It is so ordered.