ARTHUR U. SIMMONS, Administrator c. t. a. of the Estate of GUSTAV A. FRANZ, Deceased, and G. A. BUDER, Appellants, v. JESSE T. FRIDAY, Administrator ad Litem of the Estate of SOPHIE FRANZ, Deceased, Respondent, No. 41257—224 S. W. (2d) 90.

Division Two, September 12, 1949.

Motion for Rehearing or to Transfer to Banc Overruled,

November 14, 1949.

*Taylor Sandison, Harry C. Blanton* and *G. A. Buder, Jr.,* for appellants.

814

*Jesse T. Friday* and *E. J. Doerner* for respondent.

BOHLING, C.—On August 23, 1943, Arthur U. Simmons, as Administrator c. t. a. of the estate of Gustav A. Franz, deceased, and G. A. Buder sued G. A. Buder, as Executor of the Estate of Sophie Franz, deceased, for principally a claimed balance due on Trustees' commissions of the Sophie Franz trust estate. In due course, Jesse T. Friday, as Administrator ad litem of the Estate of Sophie Franz, deceased, was substituted party defendant in lieu of said G. A. Buder, as Executor aforesaid. For convenience we sometimes refer to appellants as plaintiffs and as Trustees, and to respondent as defendant.

Defendant's motion to dismiss plaintiffs' petition was sustained. Upon plaintiffs' appeal, defendant contends plaintiffs' action is barred by the general statute of limitations, and that said petition fails to state a claim upon which relief may be granted.

This review is up on plaintiffs' second amended petition, which is in two counts. The first count sets out verbatim the Sophie Franz trust instrument, executed by the settlor January 30, 1909. The trust estate consisted of securities (stocks, bonds, notes et cetera), owned by Sophie Franz absolutely and securities in which the will of Ehrhardt D. Franz, her deceased husband, vested her with a life estate only, remainder to his ten children. Among other things, she appointed Gustav A. Franz and G. A. Buder as Trustees of said trust estate and named herself and others (we understand, said remainder-

men)· as beneficiaries. The Trustees were to pay specified amounts to the beneficiaries every three ·months, and were to account semi-annually on the condition of said trust. The trust was to continue for the life of Sophie Franz. She died April 14, 1930, and G. A. Buder was appointed Executor of her Estate on May 14, 1930.

The prayer of said first count was (1st) that the court approve the final account of said Trustees; (2nd) that the court, after a hearing respecting the services rendered, fix and allow the Trustees "reasonable and just compensation for such services under all the facts and circumstances of this case"; (3rd) that the court direct the defendant to pay to plaintiffs "such sum" as the court may allow and to take credit accordingly in his accounts; (4th) that the court approve the action of plaintiffs as Trustees in delivering to the Executor of the Estate of Sophie Franz, deceased, such assets as belonged to said Estate "as disclosed by the final audit, report or account" of plaintiffs as Trustees, and certify the same to the probate court; and (5th) for general equitable relief. Other material facts will be developed in the course of the opinion.

The second count of said petition sought to impress the assets in the hands of defendant with a trust in favor of plaintiffs and an accounting by defendant to plaintiffs of their claimed interest in certain assets et cetera.

If we have jurisdiction, it is because of the amount involved. The Trustees, without citing authority, say we have jurisdiction because the appeal involves "an accounting of the Sophie Franz Estate totaling in excess of a valuation of $1,800,000.00 and Trustees' reasonable compensation in excess of $7,500.00." Our jurisdiction has given much concern, for "under a constitutional government the acts of a court not within the powers prescribed by the organic law are usurpations, and when ▆▆▆ done by a court of last resort may become a grave menace."[1]

We have jurisdiction when appellate jurisdiction turns on the amount involved only "where the *amount in dispute* exclusive of costs, exceeds the sum of seventy-five hundred dollars." (Emphasis ours.) The fact that the estate has "a valuation of $1,800,000.00" does not establish that the amount in dispute exceeds $7,500.[2]

Whether the amount in dispute respecting the Trustees' compensation exceeds $7,500 is more involved. The trust instrument did not specify their compensation. Courts of appeal have general appellate jurisdiction. This court has limited appellate jurisdiction and its jurisdiction is not to be left to speculation or conjecture, the burden

[1]Vordick v. Vordick, 281 Mo. 279, 284, 219 S. W. 591, 592.
[2]Mo. Const. 1945, Art. V, §§ 3, 13, Laws 1945, p. 30; § 2078, R. S. 1939, Mo. R. S. A.; Higgins v. Smith, 346 Mo. 1044, 1046, 1047, 114 S. W. 2d 149, 151; Fleischaker v. Fleischaker, 338 Mo. 797, 92 S. W. 2d 169, 171, 172; St. Louis U. Trs. Co. v. Toberman, 345 Mo. 613, 134 S. W. 2d 45.

being on the party asserting jurisdiction here.[3] Where defendant prevails in actions for monetary relief, the petition and particularly the prayer is ordinarily resorted to for a determination of the amount in dispute.[4] By filing an amended petition a plaintiff usually abandons the prior petition and all matters not restated in the amended petition.[5]

The Trustees pray for "reasonable and just compensation." Our new Civil Code (Laws 1943, pp. 353 et seq.; Mo. R. S. A., §§ 847.1 et seq.) provides in § 36: "If a recovery of money be demanded, the amount shall be stated." There are allegations that after the death of Sophie Franz the assets of the trust estate were segregated by the Trustees into the assets owned by Sophie Franz absolutely and the assets of the Estate of Ehrhardt D. Franz, deceased, in which Sophie Franz had only a life interest, and that the Trustees claimed commissions of "five per cent on the assets of each of said trust estates." However, amounts are not stated and we find no affirmative showing in the second amended petition that in excess of $7,500 remains in dispute with respect to the Trustees' compensation.

Our new Civil Code, supra, provides in § 44: "An exhibit to a pleading is a part thereof for all purposes." Barnett v. Prudential Ins. Co. of Am. (Mo. App.), 194 S. W. 2d 317, 318[1]. Prior to its enactment exhibits filed with a pleading were not a part thereof for determining the sufficiency of the pleading on demurrer.[6] There is no exhibit attached to the second amended petition.

The case was presented in the trial court and here on the theory that matters disclosed by the Trustees' original petition and the account attached thereto as Exhibit A, which is the only account of record that might be the subject matter of approval by the court, were for consideration. This is apparent from the record presented to us for review by the Trustees and from the briefs filed by

---

[3]Higgins v. Smith, note 2 supra, and authorities cited.

[4]Gast Bank N. & L. Co. v. Fennimore Ass'n, 147 Mo. 557, 49 S. W. 511; United Elev. & G. Co. v. Sutherland (Mo.), 175 S. W. 886; Wagner v. Mederacke, 354 Mo. 977, 192 S. W. 2d 865, 866[1, 2]; Johnston v. Ramming, 340 Mo. 311, 100 S. W. 2d 466[1]; Sofian v. Douglas, 324 Mo. 258, 23 S. W. 2d 126, 128[1]; Kane v. Kane, 146 Mo. 605, 48 S. W. 446.

[5]New First Nat. Bk. v. C. L. Rhodes Produce Co., 332 Mo. 163, 169, 58 S. W. 2d 742, 744[1, 2], and authorities cited; State ex rel. v. Hiller (Mo. App.), 295 S. W. 132, 133[2]; Wise v. O'Kelley (Mo. App.), 198 S. W. 2d 28, 31[1-3]. Consult our Rule 1.04(b) (352 Mo. appendix i); Laws 1943, p. 369, §§ 36, 43, 44; Mo. R. S. A., §§ 847.36, 847.43, 847.44.

[6]State ex rel. v. Haphe, 326 Mo. 460, 31 S. W. 2d 788, 791[10]; Pacific Lime & G. Co. v. Missouri Br. & I. Co., 286 Mo. 112, 226 S. W. 853, 855[6]; Odom v. Langston, 351 Mo. 609, 173 S. W. 2d 826, 834[21]; Meyer v. Mulligan (Mo. App.), 175 S. W. 2d 924, 928[3]; Houts, Missouri Pleading, § 120, n. 95.

them as well as the brief of defendant. Appellate courts generally hold the parties to their trial theory.[7]

The original petition, within itself, is subject to the faults of the second amended petition with respect to establishing appellate jurisdiction, but differs in that it refers to and has attached as Exhibit A the Trustees' only account of record.

Considering this Exhibit A, we find, without detailing the account, that it is dated June 22, 1931, and is referred to in the original petition as "a final statement of account of their [the Trustees'] administration, management and stewardship as such Trustees"; and in the amended petition as "final report, audit or account"; that under "Income and Expenses" it discloses "Combined Income, Belonging to Sophie Franz Estate" "Total, January 30, 1909, to June 22, 1931, $3,348,131.85"; and under "Expenses and Distributions" total payments to the Trustees for commissions from January 30, 1909, to June 22, 1931, of $90,624.87. Under the subhead "Liabilities" under "Assets and Liabilities," there is an item "Due G. A. Franz and G. A. Buder, Trustees," "Actual Value June 22, 1931," "$10,062.87"; and an item "Net Estate, Per Exhibit D" "Actual Value June 22, 1931" "$1,720,314.98." Exhibit I of said account is a "Statement Showing Net Estate Distributable to Heirs by G. A. Buder, Executor, as at June 22, 1931," and under "Deductions" from said "Net Estate" of "$1,720,314.98" are shown "Claims of G. A. Franz and G. A. Buder, Trustees, for Commissions: 5% of Burroughs Adding Machine Company Stock, in Kind, 875 Shares, $20,343.75; 5% of all Other Assets, Excepting Distributions to Heirs, Amounting to $1,359,319.91, $67,966.00," a total of $88,309.75.

Ordinarily General Theatrical Enterprises v. Lyris (Mo.), 121 S. W. 2d 139, 140[2-4], should control where plaintiffs fail to definitely state the amount in their prayer. However, to preserve the constitutional integrity of this court, we pierce the shell of the pleadings, proof, record, and judgment sufficiently far to determine that our proper jurisdiction is not infringed upon, or improper jurisdiction is not foisted upon us by mere colorable amounts. Vanderberg v. Kansas City, Mo., Gas Co., 199 Mo. 455, 458, 97 S. W. 908; Matlack v. Kline, 280 Mo. 139, 154(I), 216 S. W. 323, 327[2]; Ashbrook v. Willis, 338 Mo. 226, 228[2], 89 S. W. 2d 659[5].

Taking Exhibit A as a part of the petition (§ 44, supra), the substance of the situation is that the amount in dispute on the Trustees' claimed commissions of 5% of the assets of the Sophie Franz trust estate (in excess of $80,000), whether entitled thereto or not, against

[7]American Sash & D. Co. v. Commerce Trs. Co., 332 Mo. 98, 56 S. W. 2d 1034, 1037[2]; Marr v. Marr, 342 Mo. 656, 117 S. W. 2d 230, 231[1]; Dreckshage v. Dreckshage, 352 Mo. 78, 176 S. W. 2d 7, 9[1]. See 4 C. J. S. 465, § 241 d.

the Estate of Sophie Franz, deceased, exceeds $7,500, vesting appellate jurisdiction here.

█ Under the authority of Re Estate of Sophie Franz, deceased. Claim of G. A. Franz and G. A. Buder, 359 Mo. 362, 221 S. W. (2d) 739, involving identical legal issues, defendant's motion to dismiss the appeal on the ground plaintiffs' Notice of Appeal was not filed within 10 days after the judgment had become final (Laws 1943, p. 390, § 129; Mo. R. S. A., § 847.129) is overruled. Laws 1943, p. 388, §§ 116, 118, Mo. R. S. A., §§ 847.116, 847.118; Rule 3.24, 352 Mo. appendix xiv. Plaintiffs' cause of action was dismissed June 28, 1948. Plaintiffs' Motion to Set Aside Dismissal was filed July 7, 1948, and overruled October 4, 1948. Notice of appeal was filed October 12, 1948.

█ This brings us to the statute of limitations.[8] If limitations are applicable, defendant says whether the action is barred by the ten (§1013, R. S. 1939, Mo. R. S. A.) or the five (§ 1014, Id.) year statute is immaterial as more than ten years elapsed █ after the death of Sophie Franz, April 14, 1930, as well as the rendition of the Trustees' account, June 22, 1931, before the institution of suit, August 23, 1943. See Newton v. Rebenack, 90 Mo. App. 650, 659.

Equity has jurisdiction over express trusts.[9]

The fiduciary obligation owed a cestui by a trustee differs from that of a debtor to his creditor. The trustee has legal title but the cestui is the beneficial owner of the trust res and may recover it from third parties in appropriate instances if the trustee breach his duty, and the trustee stands discharged if the trust res be lost without his fault. A general creditor's claim against his debtor is personal, without rights in the debtor's property, and loss of property by the debtor does not discharge his obligation. There is no express trust of record covering the Trustees' commissions.

In the case of an express and continuing trust, the general rule is "that the statute of limitations does not run between the trustee and the cestui que trust as long as the trust subsists." 53 C. J. S. 954, § 19a; 54 C. J. S. 167, § 178, nn. 15, 16.[10] This because the fiduciary position of the trustee causes his possession to be the possession of the beneficiary and eliminates all adverse possession with respect

---

[8]Ludwig v. Scott (Mo.), 65 S. W. 2d 1034, 1035[1]; State ex rel. v. Yates, 231 Mo. 276, 283(b), 132 S. W. 672, 673(b).

[9]65 C. J. 1011, §§ 940 et seq., 890, § 787; 54 Am. Jur. 440, §§ 565, 566; Watkins v. Holman, 16 Pet. (U. S.) 25, 10 L. Ed. 873; Johnston v. Grice, 272 Mo. 423, 199 S. W. 409, 410[1].

[10]See also 34 Am. Jur. 86, §§ 107 et seq.; Annotation, 122 A. L. R. 286; Bogert, Trusts and Trustees (1935), § 951; Perry, Trusts and Trustees (7th Ed.), § 863; 2 Wood, Limitations (4th Ed.), 948, § 200.

to which a statute of limitations might run. Little v. Mettee, 338 Mo. 1223, 93 S. W. 2d 1000, 1009.[11]

The Trustees twist the rule when they say limitations do not run against an express trust unless the trust relationship is repudiated. Their cases are within the general rule: St. Louis U. Trs. Co. v. Hunt (Mo. App.), 169 S. W. 2d 433, 443, 444; England v. Winslow, 196 Cal. 260, 237 P. 542, 546 [7-9, 12]. They were suits by the cestui for the trust res in the trustee's possession and at a time while the trust was continuing. They are not this case.

The Sophie Franz trust instrument vested the Trustees with the possession of and broad powers over the trust estate, including all the power of the settlor to sell or otherwise dispose of the trust res and to invest and reinvest the proceeds therefrom, and to collect and recover all income, dividends et cetera due the estate, and to pay all compensations, charges and other expenses incident to the administration of the trust. The payments to the beneficiaries were to be received as their absolute property. They had no duties under the trust instrument.

The trust instrument provided for its termination at the death of Sophie Franz and for the Trustees to hold the trust res for the Estate of Sophie Franz, deceased, "to be administered by the Probate Court of the City of St. Louis, Missouri, in accordance with the last will and testament of Sophie Franz and with the laws of the State of Missouri **."

A natural method for the termination of a trust is the expiration of the time fixed by the settlor; for instance, the life of the settlor as in the instant case. We quote 54 C. J. S. 167, § 182: "Under the general rule ** that trusts are not within the statutes of limitation until there has been a termination or repudiation, where a trust is fully terminated either by its own limitations, or by settlement with the beneficiary, or by some act of the trustee intended and understood by both parties to be in discharge of the trust, the statute of limitations then begins to run in the trustee's favor; for when the trust is terminated, the trustee no longer has a right to hold the fund or property but is bound to pay it over or transfer it discharged from the trust." See Price v. Boyle, 287 Mo. 257, 266(I), 270(II), 229 S. W. 206, 208[1], 209[2, 3]; Latham v. Latham, 184 N. C. 155, 113 S. E. 623, 627[2, 3], and observations in Teachey v. Gurley, 214 N. C. 288, 199 S. E. 83, 87[9-11].[12]

---

[11]Speidel v. Henrici, 120 U. S. 377, 386, 7 Sup. Ct. 610, 30 L. Ed. 718; 34 Am. Jur. 86, n. 7; 53 C. J. S. 955, nn. 1, 2; Bogert, Trusts and Trustees, § 951, p. 20; Perry, Trusts and Trustees, § 863, •n. 55; 2 Wood, Limitations, § 200, n. 10.

[12]See also 54 C. J. S. 149, §§ 178, 180; 37 C. J. 903, nn. 21, 22, 922, nn. 21, 22; Bogert, Trusts and Trustees, §§ 951, nn. 39-44, 991, nn. 7 et seq., 1003; Restatement, Trusts, § 334; Scott on Trusts, § 345; Perry, Trusts and Trustees, § 920.

The Trustees say the general rule prevents limitations running against the trustee and in favor of the beneficiary. We think not under the facts. A trust presupposes rights in the trustee, including generally possession of the personal estate as under the instant trust. In Spickernell v. Hotham (Eng.), 1 Kay 669 (cited in support of the text in Perry, Trusts and Trustees, 1471, § 863, n. 69, which, in turn, is quoted dictum in St. Louis U. Trs. Co. v. Hunt (Mo. App.), 169 S. W. 2d 433, 444[18]), life beneficiaries of the trust requested in writing, reciting the trust, trust moneys, and one beneficiary gave his note, acknowledging the trust, therefor. It was held that said beneficiary received the trust res in subordination of the trust and, having a life estate, its recovery from his estate upon his death was not barred by limitations. See Smith v. Bouton, 221 App. Div. 317, 223 N. Y. S. 164, 166. Trustees and beneficiaries occupy different positions; but when a beneficiary has possession of the trust res in fealty to the trust he holds under the trust instrument to like extent as the trustee while the trust subsists. Re Rutherford's Estate, 154 Kan. 361, 118 P. 2d 553, 555[2, 3], differs on the facts. The Trustees' cases are distinguishable in that the suits were filed within the statutory period after the trust ceased to subsist and the instant relationship is that of debtor and creditor.

Defendant does not question that "a trustee may wait until the termination of the trust and then receive his commissions" (28 Am. & Eng. Enc. Law, 2d Ed., 1044, n. 3); or that if income be paid the beneficiary without deducting commissions and without an intention to waive compensation, it may be deducted out of future payments to the same beneficiary (Restatement, Trusts, §§ 242, 249(2); Scott on Trusts, §§ 242.8 and cases n. 3, 249.1). Defendant says the point has no application to whether limitations may bar an action where trustees, as here, after the termination of a trust have made delivery of all trust assets in accord with the trust. We agree.

The Trustees assert that after the termination of a trust by its provisions limitations do not start merely because the beneficiary leaves the trust res with the trustee. Jones v. Home Svgs. Bk., 118 Mich. 155, 76 N. W. 322, 74 Am. St. Rep. 377, 380; Re Farmers Loan & Trs. Co., 47 App. Div. 448, 62 N. Y. S. 359, 362, 363; Johnston v. Johnston, 107 Minn. 109, 119 N. W. 652, 654; Sager v. State Highway Comm. (Mo. App.), 125 S. W. 2d 89, 91[4]. Jones v. Home Svgs. Bank is interpreted in Perry, Trusts and Trustees, § 863, n. 72: "After the termination of a trust a reasonable time is allowed for settlement, and then the statute begins to run." See Coudrey v. Gilliam, 60 Mo. 86. The Farmers Loan & Trs. Co. case involved a continuing trust, neither terminated nor repudiated, as did the Sager case. Johnston v. Johnston held, under the facts, limitations did not run against an action by the beneficiary to set aside a settlement with the trustee on the ground of fraud until the discovery of the fraud;

and Jones v. Home Svgs. Bk. might have rested upon a like ground. In each case a beneficiary sued his fiduciary, his trustee; whereas the instant Trustees are not suing a fiduciary, and they tendered their account and delivered the trust res in accord with the trust instrument.

The Trustees' cases holding that mere negligence by a trustee in discharging his duty does not start the statute (Chard v. O'Connell, 48 Cal. App. 2d 475, 120 P. 2d 125, following England v. Winslow, 196 Cal. 260, 237 P. 542, and Sumid v. Cairns, 25 Ariz. 597, 220 P. 1084) are not controlling under the facts of record. They involved continuing trusts which had not terminated.

From allegations that on "various occasions between May 14, 1930, and August 5, 1943," the Trustees, without deducting commissions, made delivery under the trust instrument of all assets of said trust estate owned by Sophie Franz, the Trustees say they were functioning in the month the suit was instituted. If the Trustees filed various reports between the dates aforesaid, the last report shown in this record is Exhibit A, dated June 22, 1931, and being the sole report of record is the only account that could be approved or disapproved under the pleadings. The original petition alleged Exhibit A was the "final statement" of their account as Trustees; "that such final statement, a copy of which is hereto attached and marked 'Plaintiffs' Exhibit A' was prepared and dated as of June 22, 1931, and that copies of such statement were sent to all parties interested in the aforementioned trust estate, or their legal representatives **"; and the second amended petition asked the court to consider and approve "the final audit, report or account" of the Trustees. The Trustees overlook that the gist of their action is said account of June 22, 1931, and that they are not seeking the approval of any account rendered subsequent to said June 22, 1931.

 The second count asked the decree of "a trust in favor of plaintiffs" in the assets of the Estate of Sophie Franz, deceased. This count was added to the petition filed May 13, 1948. There is no agreement for a trust or lien against the trust res for the payment of the Trustees' commissions. "A trustee, entitled to compensation for his services, has a lien on the trust property therefor," 65 C. J. 929. This "lien" (the trustee has the legal title) is not an estate or a trust in or a charge against the trust res but an equity, a remedy, for the protection of the trustee's compensation. Cases discussing a constructive trust (Happy v. Cole County Bk., 338 Mo. 1025, 93 S. W. 2d 870, 872[2]) or the lien of an execution levied (Murphy v. Wilson, 84 Mo. App. 178, 183) differ. The Restatement of the Law of Trusts, § 242, e, reads: "The trustee need not pay over income without deducting compensation to which he is entitled with respect to the income, and need not pay over principal without deducting the compensation to which he is entitled with respect to the principal. *To this extent* the trustee has a security interest in the trust property

824

for his compensation.'' (Emphasis ours.) We find no authority decreeing a security against property not in the possession of the trustee.[13]

▪ ■ The Trustees say the statute was tolled because it is alleged that G. A. Buder, one of the Trustees and one of the plaintiffs herein, was also the Executor of the Estate of Sophie Franz, deceased. In each case stressed by the Trustees one person represented both sides of a conflicting claim. Bremer v. Williams, 210 Mass. 256, 96 N. E. 687, 688; Gray v. Quicksilver Min. Co., 68 F. 677, 685; Yeager v. Liberty Royalties Corp., 123 F. 2d 44, 47; Peyton v. Chase Co. Nat. Bk., 124 Kan. 763, 262 P. 595, 596. G. A. Franz and G. A. Buder were Cotrustees and are not identical with G. A. Buder, Executor aforesaid. Cotrustees form one collective trustee. They are limited to one reasonable compensation. Walker v. James, 337 Mo. 750, 85 S. W. 2d 876, 884, 885; Kilpatrick v. Robert, 278 Mo. 257, 212 S. W. 884, 886, 887; Perry, Trusts and Trustees, §§ 402, 408, 411. Restatement, Trusts, § 327 (2) (b), relating to the statute of limitations, reads: ''If the third person knowingly participated in a ■ breach of trust, the beneficiary is not precluded from maintaining an action against him therefor, unless ** (b) a cotrustee who did not participate in the breach of trust, or a successor trustee knowing of the claim against the third person, fails to bring an action against him until he is barred by the statute of limitations or laches.'' We think the situations are analogous.

Furthermore, in the Trustees' cases limitations were denied that the trustee be not benefited by his neglect of duty to timely proceed, the reason being that rights ought not to be predicated upon the theoretical but practically inconceivable possibility that a dishonest trustee would expose his dishonesty in an action to right the fraud he had committed. The instant Trustees seek to benefit by their own neglect and the stated reason does not exist. The Trustees had filed their demand for commissions in the Estate of Sophie Franz, deceased, G. A. Buder, Executor aforesaid, prior to May 14, 1931, twelve years before filing the instant suit. The cases do not establish error.

■ The Trustees also argue that defendant is estopped to say they have no cause of action. They stress allegations to the following effect: That after the death (April 14, 1930) of the settlor, the Trustees filed in the United States District Court, pursuant to an order in a cause therein pending, final statements of their administration of said trust estate, segregating the assets in which the settlor had a life interest only and the assets owned absolutely by the settlor, said Trustees claiming a commission of 5% on each of said assets; that

---

[13]In re Mayhall's Estate (Mo. App.), 151 S. W. 2d 545, 548; Bradury v. Birchmore, 117 Mass. 569, 581; Restatement, Trusts, §§ 345, g, h; 249, (2), d; Bogert, Trusts and Trustees, §§ 718, nn. 12-16, 971, n. 45, 974, n. 23; Scott on Trusts, §§ 242.3, 345.2.

exceptions were filed to said accounts; that all exceptions concerning the assets owned absolutely by the settlor were overruled, without prejudice, for lack of jurisdiction, said court ruling such matters, including commissions, "were within the jurisdicton of the Probate Court of the City of St. Louis and should be passed upon and disposed of therein"; that no appeal was taken therefrom; that on or about May 14, 1931, the Trustees had filed in said Probate Court a demand against the Estate of Sophie Franz, deceased, for their commissions claimed as aforesaid, being unable to foretell the ultimate action of District Court aforesaid regarding said commissions; that on a motion, filed May 23, 1943, by named residuary legatees of Sophie Franz, that said Probate Court did not have jurisdiction to entertain said Trustees' claim for commissions, said court dismissed said claim on July 19, 1943, on the ground only a court of equity had jurisdiction thereover; that the Trustees appealed therefrom; and that by reason of the failure of said residuary legatees to move more promptly for the dismissal of said claim defendant is estopped to interpose the statute of limitations as a defense. The Trustees' cases[14] are distinguishable on the facts.

The issue whether the Probate Court of the City of St. Louis had jurisdiction over this nontestamentary trust proceeding involved jurisdiction over the subject matter. Jurisdiction over the subject matter may not be based on an agreement of the parties or the estoppel of a party to deny that it exists. United Cemeteries Co. v. Strother, 342 Mo. 1115, 119 S. W. 2d 762, 765[1-5]; Re Buckles, 331 Mo. 405, 53 S. W. 2d 1055, 1056[2]. There is no showing that exceptions filed in the District Court were based on the ground the Probate Court of the City of St. Louis had jurisdiction, or that defendant or any party in privity with him ever attempted (as in the Trustees' cases) to switch facts or legal positions in the Federal, Probate, or Circuit Courts. The opinion of said District Court that the Probate Court had jurisdiction was not binding. The parties at all times were adversaries, with ■■■ equal opportunity to be informed. "Courts of equity ** may grant relief against acts and contracts executed under mistake or in ignorance of material facts; but it is otherwise where a party wishes to avoid his act or deed on the ground he was ignorant of the law." Andreae v. Redfield, 98 U. S. 255, 25 L. Ed. 158, 163. 34 Am. Jur. 333, n. 18; 53 C. J. S. 968, n. 48.

We have reviewed the issues presented on the statute of limitations. A fundamental distinction is that the legal relationship between plain-

---

[14]Hereford v. National Bk. of Mo., 53 Mo. 330, 332; Farley v. Pettes, 5 Mo. App. 262, 265; Combs v. Sullivan County, 105 Mo. 230, 16 S. W. 916; State ex inf. v. Consolidated School Dist., 277 Mo. 458, 209 S. W. 938, 942; Welch & Harvey v. Dameron, 47 Mo. App. 221, 226; Runnels v. Lasswell (Mo. App.), 219 S. W. 980, 981[1, 2]; Columbia Brewing Co. v. Miller, 124 Mo. App. 384, 101 S. W. 711, 713.

tiffs and defendant, if there be liability, is that of creditor and debtor. As this relationship came into existence with, if not prior to, the account of June 22, 1931, and suit was not instituted until August 23, 1943, limitations is a defense. Were the tables reversed, the Trustees no doubt would be insisting that their account of June 22, 1931, definitely revealed their position with respect to all assets of the Sophie Franz trust estate. There is no occasion to discuss whether the petition states a cause of action in other respects.

The judgment is affirmed. *Westhues* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.

### ON MOTION FOR REHEARING OR TO TRANSFER.

PER CURIAM:—The main complaint in appellants' motion is that the statement in the opinion, last paragraph, that the relationship of creditor and debtor, if there be liability, came into existence on or prior to June 22, 1931, causes the opinion to conflict with Re Franz' Estate, 359 Mo. 362, 221 S. W. 2d 739, and to deprive appellants of their property without due process of law, stressing Shelley v. Kraemer, 334 U. S. 1, 14, 68 S. Ct. 836, 92 L. Ed. 1161; and Brinkerhoff-Faris Trs. & Svgs. Co. v. Hill, 281 U. S. 673, 679, 50 S. Ct. 451, 74 L. Ed. 1107. We think not.

The statement appears in the discussion involving the statute of limitations in connection with the absence of any relationship owed the Trustees by the beneficiaries staying limitations. Our statutes of limitations apply to suits in equity as well as actions at law. Ludwig v. Scott (Mo.), 65 S. W. 2d 1034, 1035[1]; Rogers v. Brown, 61 Mo. 187. Appellants, the Trustees, sought $810,001.22 compensation for services as Trustees in a proceeding instituted in the probate court in Re Franz' Estate, supra. In the instant case appellants seek a reasonable compensation, a total of $88,309.75 according to the submitted final account. The respondents in Re Franz' Estate, supra, contended, among other things: "Courts of equity have exclusive jurisdiction to allow compensation to trustees of a nontestamentary trust"; and we considered a court of equity and not the probate court was the proper forum to determine the controversy under the record there presented. Re Franz' Estate, supra. Consult 4 (Pt. 2) Bogert, Trusts and Trustees (1948), 206, 207. We find no statement in Re Franz' Estate, supra, whether under the facts and issues of that record the relationship was that of creditor and debtor or not. Under the instant record the Trustees made delivery of the trust res in conformity with the trust instrument and submitted a final account bearing date of June 22, 1931. They filed the instant action for compensation twelve years later, August 23, 1943. The beneficiaries did

not receive and hold the trust res in any fiduciary capacity for the benefit of the Trustees. The statute of limitations started to run against the Trustees' claim not later than when the trust res was delivered in termination of the trust, which occurred on or prior to said June 22, 1931. If the cases stressed by appellants have application to an action timely instituted, the delay of twelve years by the Trustees subjected their claim for compensation, whether at law or in equity, to the defense of the statute of limitations and they may not successfully charge a denial of due process. There is no accounting in the instant record of any transactions subsequent to those in the final account of June 22, 1931, submitted by the Trustees for the approval or disapproval of the court.

The motion for rehearing or, in the alternative, to transfer to Court en Banc, is overruled.