JOSEPH O. WAGNER, Appellant, v. RICHARD MEDERACKE.—No. 39707. —192 S. W. (2d) 865.

Division Two, March 11, 1946.

*Francis R. Stout* for appellant.

*Wm. J. Becker* for respondent.

BARRETT, C.—Joseph O. Wagner claims that by reason of fraud and false representations he was induced to loan Richard Mederacke $5,100.00. He alleged that Mederacke's wrongful actions in procuring the loan were intentional, wilful and malicious and that, therefore, he was entitled to exemplary damages in the sum of $5,000.00. Menke v. Rovin, 352 Mo. 826, 180 S. W. (2d) 24. At the close of the case the court found all the issues for the defendant Mederacke. Upon this appeal by Wagner it is asserted that jurisdiction is in this court by reason of the total amount involved, $5,100.00 actual damages and $5,000.00 punitive damages. Const. Mo. 1875, Art. 6, Sec. 12, Amend. 1884, Sec. 3 and Mo. R. S. A., Sec. 2078; Const. 1945, Art. V, Sec. 3.

Ordinarily in this situation, the court having found for the defendant in an action in which the plaintiff sought to recover a sum in excess of $7,500.00 and the plaintiff being the appellant, we would have jurisdiction by reason of the amount involved. National Surety Co. v. Columbia Nat. Bank of Kansas City, 348 Mo. 226, 153 S. W. (2d) 364. Also, ordinarily, in these circumstances the plaintiff's petition determines the jurisdictional amount involved. Bartlett v. Kansas City Public Service Co., 349 Mo. 13, 160 S. W. (2d) 740. But the plaintiff's petition is not conclusive of the jurisdictional sum, it must be made to appear upon the whole record in the trial court, at the time the appeal was allowed, that a sum in excess of $7,500.00 is involved. Ewing v. Kansas City, 350 Mo. 1071, 1075, 169 S. W. (2d) 897, 900; Higgins v. Smith, 346 Mo. 1044, 144 S. W. (2d) 149. If in fact the whole record shows that the sum actually involved is less than the required jurisdictional amount, as that the issue of exemplary damages has been eliminated from the cause (Vanderberg v. Kansas City, Mo. Gas Co., 199 Mo. 455, 97 S. W. 908), it is our duty to transfer the cause to the proper court of appeals. Mo. R. S. A., Sec. 2079.

Despite the allegations of the petition and the appellant's jurisdictional statement (Supreme Court Rule 1.08(a)), there appears in the complete transcript of the record before us, approved by counsel and signed by the trial judge, the following:

"Pre-Trial Order

Parties appear by attorneys. Conference held. Parties agree that the amount in controversy is $5000.00. Plaintiff and defendant admit the execution of defendant's exhibit 'A' and plaintiff admits executing defendant's exhibit 'B.' One day to try."

This is not an artfully drawn order and the meaning is not entirely clear. But it is an order authorized by the Civil Code of Procedure and it unmistakably states that the "Parties agree that the amount in controversy is $5000.00" and the parties are accordingly bound by that agreement. Under the Civil Code of Procedure "The court may in its discretion direct the attorneys for the parties to appear before it for a conference . . . to consider (1) The simplification of the issues; . . . (3) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof; . . . (5) Such other matters as may aid in the disposition of the action." Whereupon, "The court shall make an order which recites the action taken at the conference, . . . and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; *and such order when entered controls the subsequent course of the action,* unless modified at the trial to prevent manifest injustice." Civil Code of Procedure, Sec. 84; Supreme Court Rule 3.17(d).

This provision of the Civil Code was copied from the Federal Rules of Civil Procedure. 28 U. S. C. A., Sec. 723c, Rule 16. The purpose of the rule and of an order made under it is "to eliminate the doing of useless things" and, "when the parties to the cause, through their attorneys, come before the court for a pre-trial hearing, and an admission or agreement as to a factual issue is there made, and carried into effect by an order of the court, then, unless the order be modified thereafter by the court (Calvin v. West Coast Power Co., 2 F. R. D. 248), that issue stands as fully determined as if adjudicated after the taking of the testimony. The admission is in substitution of proof" and, it might be added, is in substitution of the jurisdictional fact alleged in the petition. Miles Laboratories v. Seignious, 30 F. Supp. 549, 552, 553-554; Geopulos v. Mandes, 35 F. Supp. 276. "Other matters which may be eliminated from issue as the result of a pre-trial hearing . . . include the following: . . . amount of damages that should be awarded plaintiff if he is successful on the trial; . . . " Report of The Committee On Pre-Trial Procedure (1938), 63 Am. B. A. R. 534, 536.

980

Whatever else this unmodified pre-trial order may mean, it conclusively establishes for the purposes of this case that "the amount in dispute" at the time of the appeal was $5,000.00 and jurisdiction of the appeal. is, therefore, in the court of appeals.

Accordingly the cause is transferred to the St. Louis Court of Appeals. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.