## KANSAS CITY

v.

## NATIONAL ENGINEERING & MANUFACTURING CO., Inc.

No. 43734.

Supreme Court of Missouri.

Division No. 1.

March 8, 1954.

Thomas E. Hudson, Hudson, Whitcraft & Cavanaugh, Kansas City, for appellant.

David M. Proctor, City Counselor, Benj. M. Powers, Associate City Counselor, Frank O. Knight, Asst. City Counselor, Kansas City, for respondent.

LOZIER, Commissioner.

This appeal is from a judgment in a proceeding wherein the City of Kansas City condemned private properties for rights of way for the Sixth Street Expressway. Upon Tract No. 63, at 519 Wyandotte Street, was a building owned by James A. Harper and James A. Harper, Trustee, and occupied by appellant National Engineering and Manufacturing Company, Inc. The company's uncontroverted evidence was that the value of the fixtures installed by it and left in the building was $12,600. The evidence as to the value to the company of the unexpired term of its lease varied from $8,360 to $14,000. The jury awarded the company $16,000. The company appealed to this court. (Because of the appeal, the trial court allowed the company to receive the $16,000 without entering satisfaction of record.)

We do not have jurisdiction of the appeal. Sec. 3, Art. V, Const., V.A.M.S. The "amount in dispute, exclusive of costs," does not exceed $7,500. "The record must show affirmatively that the amount in dispute exceeds $7,500, independent of all contingencies and speculation as to the amount in dispute, and a mere chance that the amount in dispute may exceed $7,500 is insufficient." State ex rel. State Highway Commission of Missouri v. Schade, Mo. Sup., 265 S.W.2d 383, decided concurrently herewith.

In its new trial motion, the company stated (inter alia): "The verdict based upon all the evidence shows that it was inadequate." In its brief here, the company contends that, under the uncontroverted evidence, it "was entitled to a minimum recovery of" $20,950 and "it stands without question that appellant was not awarded the value of its fixtures and improvements by the jury that under the law it was entitled to receive." As the award to the company was $16,000, the maximum amount in dispute, "independent of all contingencies and

speculation," is only $4,950. Thus, the record fails to affirmatively show that the amount in dispute is sufficient to vest this court with appellate jurisdiction.

■■ Nor do we have jurisdiction under Sec. 3, Art. V, Const., on any other ground. "Appellant does not question that the land is being taken for public use, therefore, title to real estate is not involved." State ex rel. State Highway Commission of Missouri v. Schade, supra. The city, as such, is not a "political subdivision" insofar as this court's appellate jurisdiction is concerned. Long v. City of Independence, 360 Mo. 620, 229 S.W.2d 686, 687[2].

The cause is transferred to the Kansas City Court of Appeals.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by LOZIER, C., is adopted as the opinion of the court.

All concur.