### STATE ex rel. STATE HIGHWAY COMMISSION

v.

### SCHADE.

No. 43476.

Supreme Court of Missouri.

Division No. 2.

March 8, 1954.

William A. Ratican, Edmond L. Siemers, St. Louis, for appellant.

Robert L. Hyder, Bruce A. Ring, Jefferson City, Clifford Greve, St. Louis, for respondent.

TIPTON, Presiding Judge.

The State Highway Commission of Missouri brought this condemnation action in the circuit court of St. Louis County, Missouri, to acquire right of way for Highway 115 in St. Louis County. For this purpose the respondent sought to acquire 1.8 acres of land from appellant for such right of way.

The circuit court of that county appointed three commissioners to appraise the land. The commissioners made their report to the court, and exceptions were filed to this report by both appellant and re-

spondent. This case came on for trial in the circuit court and the jury returned its verdict in favor of respondent. The effect of this verdict was that appellant landowner was not damaged. The improvement consisted of widening Natural Bridge Road, making a divided dual lane highway with eastbound traffic being routed over the new pavement and westbound traffic over the old road.

 We do not believe we have jurisdiction of this appeal. The appellant states in his brief that the amount involved is more than $7,500. Such recital is insufficient. The record must show affirmatively that the amount in dispute exceeds $7,500, independent of all contingencies and speculation as to the amount in dispute, and a mere chance that the amount in dispute may exceed $7,500 is insufficient. Koch v. Board of Regents of Northwest Missouri State College, Mo.Sup., 256 S.W.2d 785; Cotton v. Iowa Mut. Liability Ins. Co., 363 Mo. 400, 251 S.W.2d 246; M. F. A. Mut. Ins. Co. v. Quinn, Mo.Sup., 251 S.W. 2d 633; National Surety Corp. v. Burger's Estate, Mo.Sup., 183 S.W.2d 93; Warmack v. Crawford, Mo.Sup., 192 S.W.2d 406

The record before us fails to show any amount in dispute. In appellant's exception to the report of the commissioners, he says that the award "is for an inadequate amount for damages to the property," and in his motion for a new trial he states, "the verdict of the jury is grossly inadequate." Therefore, we do not have jurisdiction on the ground that the record fails to show affirmatively that the amount in dispute exceeds $7,500.

"It may be conceded that the members of the state highway commission are state officers; but they are not parties to this proceeding. The suit was brought in the name of the state of Missouri by the state highway commission, as directed by the statute creating the commission. Laws 1921, 1st Ex.Sess., page 131 [V.A.M.S. § 226.010 et seq.]. Within the contemplation of the statute, the commission is not a number of individuals; it is an artificial legal entity—a quasi public corporation,

empowered as such to contract and to sue and be sued. State [ex rel. State Highway Comm.] v. Bates, 317 Mo. 696, 296 S.W. 418. It is not a state officer. State [ex rel. Goldman] v. Missouri Workmen's Compensation Commission, [325 Mo. 153], 27 S.W.2d 1026." State ex rel. State Highway Commission v. Day, 327 Mo. 122, 35 S.W.2d 37 loc. cit. 38.

See, also, Christeson v. State Highway Commission, Mo.Sup., 40 S.W.2d 615.

 Appellant does not question that the land is being taken for public use, therefore, title to real estate is not involved. State ex rel. State Highway Commission v. Day, supra.

This record fails to show that we have jurisdiction of this case; it is, therefore, transferred to the St. Louis Court of Appeals.

All concur.