LEEDY, Acting P. J., and ANDERSON and BROADDUS, Special Judges, concur.

**STATE ex rel. C. M. BURCHAM, Drainage District No. 48 et al., Appellant,**

**v.**

**DRAINAGE DISTRICT NO. 25 et al. (J. B. Caneer, Exceptions), Respondent.**

No. 44114.

Supreme Court of Missouri.

Division No. 1.

Oct. 11, 1954.

Ford & Ford, Jones & Jones, Kennett, for appellant.

Bradley & Noble, Lawrence L. Bradley, Kennett, for respondent.

HYDE, Judge.

Condemnation by Drainage District No. 48 of Dunklin County of right-of-way for a levee and for flowage easement. The landowner exceptor J. B. Caneer owned 45.12 acres of which 8.11 acres were taken for right-of-way, 35.14 acres were left between the levee and the St. Francis River subject to flowage easement from overflow, and 1.87 acres left on the protected side of the levee. The award of the Commissioners to Caneer was $5,763.10 and both parties filed exceptions. The verdict of the jury was $10,350.00 for Caneer and the District has appealed.

■ We do not have jurisdiction of this appeal. Sec. 3, Art. V, Const., V.A. M.S. As hereinafter shown, the "amount in dispute, exclusive of costs," does not exceed $7,500. "The record must show affirmatively that the amount in dispute exceeds $7,500, independent of all contingencies and speculation as to the amount in dispute, and a mere chance that the amount in dispute may exceed $7,500 is insufficient." State ex rel. State Highway Commission of Missouri v. Schade, Mo.Sup., 265 S.W.2d 383; Kansas City v. National Engineering & Mfg. Co., Mo.Sup., 265 S.W.2d 384.

■ The issue in this case was the amount of damages to which Caneer was entitled. Since both parties filed exceptions to the Commission's award, the amount of that award cannot be considered as the basis for determining the amount involved as was true in Kansas City v. National Engineering & Mfg. Co., supra. However, it was conceded that Caneer was entitled to damages and the District's witnesses testified as to his damages up to $5,250. The lowest estimate made by any witness for the District was $3,493. Thus there is no dispute about Caneer being entitled to at least that much. The difference between the amount of the judgment Caneer seeks to have affirmed ($10,350) and the amount to which the District concedes he is entitled ($3,493) being less than $7,500, it is apparent that the amount necessary for our jurisdiction is not involved. Not only does the record herein fail to show affirmatively that the amount now in dispute exceeds $7,500, but, on the contrary, it affirmatively appears that the amount in dispute on this appeal is less than $7,500. No other ground for our jurisdiction is urged or appears from the record.

Therefore, the case is ordered transferred to the Springfield Court of Appeals.

All concur.