Henrietta HALEY, Plaintiff-Respondent,

v.

Milford HORWITZ et al., Defendants,

Bertha Schneider, Maurice Cummins, Lillian Friedman, and Meyer Horwitz, Defendants-Appellants.

No. 44766.

Supreme Court of Missouri.

Division No. 1.

Feb. 13, 1956.

Max W. Kramer, Jerome Kalishman, Kramer & Chused, St. Louis, for appellants.

John H. Haley, Bowling Green, pro se.

Thomas R. McGinnis, St. Louis, pro se.

Thompson, Mitchell, Thompson & Douglas, James M. Douglas, Courtney Shands, Jr., St. Louis, for respondent John P. English.

VAN OSDOL, Commissioner.

This is an appeal from an order of distribution in an action to partition forty parcels of real property—thirty-eight parcels in the City of St. Louis, one in St. Louis County and one in Wright County—of which one Julius Horwitz, who died intestate December 7, 1952, was seized and possessed at the time of his death. The intestate had no lineal descendants. He was survived by forty-six nieces, nephews, grandnieces and grandnephews. June 28, 1954, the trial court entered an interlocutory order of partition and, having determined that the property could not be partitioned in kind, ordered the property sold by a special commissioner. The special commissioner's report of sale of the properties for the aggregate amount of $175,-850, filed November 1, 1954, was approved, and orders were entered allowing a $17,500 fee to plaintiff's counsel, and a fee of $10,-000 to the special commissioner. Four of defendants, appellants herein, moved to set aside the orders allowing the stated fees. The grounds stated in the motions were generally that the amounts of the respective fees were unreasonable and excessive, and that the amounts of the allowances were so unreasonable and excessive as to evidence an abuse of the trial court's discretion. It was also stated that the amounts allowed were not supported by the evidence; that the amounts bore no relationship to the services rendered or to the reasonable value thereof; that the amounts allowed were contrary to the evidence; and that the hearing on the applications was had without any notice to many of the defendants, and without proper notice to any defendant. The motions were overruled, and distribution was ordered December 13, 1954. Defendants-appellants moved to set aside the order of distribution. The grounds stated in the motion were generally the same as stated in the former motions to set aside the allowances. The latter motion was also overruled, and the four defendants, appellants herein, have perfected this appeal.

In their statement of the ground on which the appellate jurisdiction of this court is invoked, appellants have said "the amount in dispute, exclusive of costs, exceeds the sum of $7,500." It is our initial duty to ascertain whether this court has appellate jurisdiction of the case.

As stated, the motions filed in the trial court went to the excessiveness or "size" of the trial court's allowances and to the sufficiency of the evidence in supporting the amount of the allowances. No contention was made that plaintiff's counsel and the special commissioner were not entitled to reasonable or proper fees for their services. And the ground stated in the motions that defendants had had insufficient or no notice of the hearing on the applications has not been restated in

appellants' allegations of error and points relied upon in their brief herein. Consequently, such ground or contention is to be considered abandoned, and no longer a live issue in this case. Heuer v. Ulmer, Mo.Sup., 273 S.W.2d 169.

■ Upon application for the allowances of fees the trial court heard evidence introduced in support thereof, and counsel for appellants cross-examined the witnesses. However, such cross-examination did not bring out or disclose, and appellants did not offer evidence tending to show, what lesser amounts (than those allowed by the trial court) appellants contended were reasonable or should have been allowed; nor does the record in any way disclose to what extent appellants were contending the trial court's allowances were excessive. Therefore, the record of the trial court does not affirmatively show an "amount in dispute" in excess of $7,500, exclusive of costs. Const. Art. V, § 3, V.A.M.S. See and compare State ex rel. State Highway Commission v. Schade, Mo. Sup., 265 S.W.2d 383; and contrast State ex rel. Chariton River Drainage Dist. v. Montgomery, Mo.Sup., 275 S.W.2d 283. No other ground for this court's appellate jurisdiction appears from the record.

■ The Courts of Appeals of this State are of general appellate jurisdiction, and the Supreme Court is of limited appellate jurisdiction. The Supreme Court has only such appellate jurisdiction as has been specifically conferred upon it by the Constitution, and it is the rule that, as a prerequisite to the invocation of the Supreme Court's appellate jurisdiction, the ground or grounds conferring appellate jurisdiction must affirmatively appear of record when an appeal is taken. The ground or grounds for this Court's appellate jurisdiction must be of substance, not merely of color, and may not be based on mere chance, speculation or conjecture. State ex rel. Burcham v. Drainage Dist. No. 25, Mo.Sup., 271 S.W.2d 525; State ex rel. State Highway Commission v. Schade, supra, 265 S.W.2d 383, and cases therein cited; Jenkins v. Jenkins, Mo.Sup., 251

S.W.2d 243; Rice v. Rice, Mo.Sup., 195 S.W.2d 515.

The cause should be transferred to the St. Louis Court of Appeals.

It is so ordered.

COIL, C., concurs.

HOLMAN, C., dissents.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.