**KANSAS CITY, Missouri, Condemnor, Respondent,**

v.

**Retta A. CAIN, Charles A. Hoopes, Nellie May Hoopes, Orville D. Baker, Maurine Baker, Edward A. Benoit, Esther Benoit, Fred C. Hartman, Clifford L. Swenson, and Alma I. Swenson, Appellants.**

No. 46814.

Supreme Court of Missouri,

Division No. 1.

Nov. 10, 1958.

For Court of Appeals opinion see 319 S.W.2d 266.

Robert L. Jackson, Kansas City, Richard E. McFadin, McFadin & Spooner, North Kansas City, for appellants.

Benj. M. Powers, City Counselor, Herbert C. Hoffman, Associate City Counselor, Elmo M. Hargrave, Asst. City Counselor, Kansas City, Robert F. Sevier, Liberty, of counsel, for respondent.

Robert E. Coleberd, Liberty, William Harrison Norton, North Kansas City, amici curiæ.

COIL, Commissioner.

Kansas City, acting pursuant to the provisions of Article VI of its 1956 charter, filed a certified copy of ordinance No. 19358 with a plat of the land to be condemned for public park purposes. Thereafter, on October 14, 1957, a jury returned a verdict assessing damages in the total sum of $1,378,050.24, made up of 250 separate awards. $165,492.72 of that total was assessed against Kansas City and the balance as benefit assessments against owners of private real estate in the benefit district. On November 27, 1957, all appellants filed a joint motion to "discharge jury and to vacate verdict" averring that they were owners of real estate within the benefit district, and on December 4, 1957, appellants Retta A. Cain and Charles and Nellie May Hoopes filed a joint motion to "discharge jury and to vacate verdict," identical with the prior motion except that those appellants alleged that they were the owners of real estate that had been condemned in the proceedings. On February 6, 1958, the trial court denied the two motions and entered a judgment and decree confirming the jury's verdict and vesting title. On February 11, 1958, present appellants filed an "affidavit for appeal to the Supreme Court of Missouri," and on February 17, 1958, filed a notice of appeal to the Supreme Court of Missouri.

Appellants contend that we have jurisdiction for three reasons, viz., that constitutional questions are involved, that the amount in dispute is in excess of $7,500, and "because of the jurisdictional question presented as to the right of the City, under its Charter, to maintain an action in Clay County, Missouri." Respondent Kansas City asserts that we have jurisdiction because there was a judgment entered below on a verdict in excess of $7,500. Amicus curiae suggests that we have jurisdiction because Kansas City is a political subdivision of the State of Missouri.

■ The record hows that the award of damages to appellant, Mrs. Cain, was $550, and the award to appellants Charles and Nellie May Hoopes, $500, and the record shows that Mrs. Cain and Mr. Hoopes each testified that he considered his respective award fair and proper. And, on this appeal, those appellants do not contend that the amount of the award to either of them was inadequate. The total amount assessed against all appellants as benefits was $786.90 and none of the appellants claims that the amount assessed against him as a benefit was excessive. Under those facts, it is apparent that there is no amount in dispute, exclusive of costs, exceeding $7,500. Art. 5, § 3, Mo.Const.1945, V.A.M.S.; Kansas City v. National Engineering & Mfg. Co., Mo., 265 S.W.2d 384.

■ It has been specifically ruled many times that a city is not a political subdivision of the state within the meaning of Art. 5, Sec. 3, supra. Kansas City v. National Engineering Co., supra, 265 S.W.2d 386 [3, 4]; Ingle v. City of Fulton, Mo., 260 S.W.2d 666, 668 [3].

There is no provision in Art. 5, Sec. 3, supra, which provides that this court shall have jurisdiction of cases wherein the construction of a city charter is involved.

Putting aside the questions of whether any of the present appellants raised any constitutional question at the earliest possible time and properly preserved it at the time and in an after-trial motion, and considering only the points presently relied on by appellants, it is apparent that no question in this case, preserved in appellants' brief, involves "the construction of the Constitution of the United States or of this state."

■ The only point relied on which purports to suggest a constitutional question is: "The Trial Court erred in confirming the verdict of a jury which was illegally empanelled and constituted, in disregard of

appellants' rights under Article I, Sections 10 and 26 of the Constitution of Missouri and Article VI of the Charter of Kansas City, Missouri." The argument in support of that allegation indicates clearly that appellants' real contention is that the verdict in the instant proceedings was not that of six disinterested freeholders of the city as required by Section 142 of Article VI of the charter. While appellants quote a portion of Article 1, Section 26, of the Missouri Constitution, providing that the compensation to be awarded for private property taken for public use shall be ascertained by a jury of not less than three freeholders, it is not apparent how and no attempt is made to demonstrate how or wherein the instant case involves the construction of that section of the Missouri Constitution. Likewise, Article 1, Section 10, "That no person shall be deprived of life, liberty or property without due process of law," is quoted, but it is apparent that no construction of that constitutional provision is sought or is involved.

Appellants do not contend that the land in question was not being taken for public use, and thus title to real estate is not involved in a jurisdictional sense. State ex rel. State Highway Commission v. Schade, Mo., 265 S.W.2d 383, 384 [3].

It appears that we do not have jurisdiction of this case and, therefore, it is transferred to the Kansas City Court of Appeals.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.