Agnes **BAYER**, Plaintiff-Appellant-Respondent,

v.

**RALSTON PURINA COMPANY**, Defendant-Respondent-Appellant.

Nos. 33792, 33793.

St. Louis Court of Appeals, Missouri.

Jan. 26, 1971.

W. W. Sleater, St. Louis, for plaintiff-appellant-respondent.

Cook, Murphy, Lance & Mayer by Robert J. Koster, Thomas C. Coleman, St. Louis, for defendant-respondent-appellant.

CLEMENS, Commissioner.

 The threshold issue here concerns our jurisdiction. We must determine that ourselves; it cannot be conferred by independent action of the appealing party. City of Olivette v. Graeler, Mo.App., 329 S.W.2d 275 [1, 2]. The specific jurisdictional issue is whether a plaintiff-appellant can confer jurisdiction on this court by stating in her brief that the amounts prayed for in her petition ($10,000 actual and $25,000 punitive damages) are "mere colorable figures." We say no.

Plaintiff sued defendant for conversion, praying for $10,000 actual and $25,000 punitive damages. The jury gave her a $5,000 verdict for actual damages but the trial court granted defendant's motion for a new trial on that issue. Previously the trial court had refused to admit plaintiff's evidence concerning punitive damages, refused her instructions on punitive damages, and denied her motion for a new trial on that issue. Plaintiff is appealing from the adverse rulings on both actual and punitive damages.

We are confronted initially by constitutional and statutory provisions limiting our jurisdiction to cases where the amount in dispute does not exceed $15,000.[1]

Where a plaintiff appeals from non-recovery of damages "the petition and particularly the prayer is ordinarily resorted to for a determination of the amount in dispute." Simmons v. Friday, 359 Mo. 812, 224 S.W.2d 90 [3]; Pan American Realty Corp. v. Forest Park Manor, Inc., Mo., 431 S.W.2d 144 [2]. This general rule was applied in Duke v. Placke Chevrolet, Inc., Mo., 443 S.W.2d 433 [1], a conversion suit where, as here, the appeal concerned the submissibility of a claim for $25,000 punitive damages. The Supreme Court held we properly transferred the case for lack of monetary jurisdiction. To the same effect see Cady v. Hartford Accident and Indemnity Co., Mo.App., 430 S.W.2d 749.

Here, the monetary effect of the judgment appealed from was to deny plaintiff the relief sought, that is, a judgment for $25,000 punitive damages and also the loss

---

1. Mo.Const., 1945, Art. V, Sects. 3 and 13, V.A.M.S.; § 477.040 RSMo 1969, V.A. M.S. The increase in our monetary jurisdiction to $30,000 by the Laws of 1969, 3d Extra Session, applies only to cases where the notice of appeal is filed after September 10, 1970; here the notice of appeal was filed before that date.

of her $5,000 verdict for actual damages. It thus appears, prima facie, that the amount now in dispute is $30,000.

Note that the above rule declares that the amount prayed for by an unsuccessful plaintiff-appellant "ordinarily" determines appellate jurisdiction. In Vogrin v. Forum Cafeterias of America, Mo.App., 301 S.W. 2d 406 [3], the court analyzed the rule and its exceptions, saying: "While it is the law as announced by the supreme court that the amount of the allegation for damages in the petition is not conclusive and necessarily controlling in arriving at the amount in dispute for the purpose of determining the supreme court's jurisdiction, the cases so holding are those where the record shows exceptional facts and circumstances that reduce the amount involved to [$15,000] or less." Since there are exceptions we have examined numerous cases to determine whether plaintiff's bland statement about the "colorable figure" in her prayer reduces the amount in dispute to $15,000 or less.

■■■ We find several kinds of cases where a plaintiff-appellant may shift appellate jurisdiction by reducing the amount in dispute below that prayed for in his petition. This reduction may be effected by a pre-trial stipulation that the amount in dispute is only $5,000.[2] Where the amount of plaintiff's damages can be definitely proven but plaintiff's evidence establishes a lesser amount, the evidence prevails· over the amount prayed for in determining the amount in dispute.[3] When a portion of the amount prayed for depends upon the plaintiff proving a certain status and he fails to prove that status, that part of the amount is eliminated in determining

the amount in dispute.[4] Where the prayer seeks an amount within the supreme court's jurisdiction but in closing argument plaintiff's counsel asks for a verdict in a lesser amount the lower figure is the amount in dispute.[5] Similarly, the supreme court has no appellate jurisdiction when the plaintiff fails to brief, and thereby abandons, an issue that would bring the amount in dispute within that court's monetary jurisdiction.[6]

These cases look beyond the amount prayed for in the unsuccessful plaintiff's petition and hold that an appellate court may consider other factors in determining the true amount in dispute. But those factors are missing here, there being no judicial admission reducing the amount of plaintiff's claims, no voluntary failure to prove an element of plaintiff's damages, and no abandonment of a compensable element of plaintiff's case. To the contrary, the record here shows the real amount in dispute is $30,000 despite the statement in plaintiff's brief that her prayer for $25,000 punitive judgment is a colorable figure. That statement in no way reduces the amount sought by her petition. If we should reverse and remand the case, as plaintiff would have us do, her petition would again be before the trial court still praying for $25,000 punitive damages. Plaintiff's counsel so understood the effect of the "colorable figure" statement in her brief. We asked plaintiff's counsel on oral argument just how much punitive damages would be sought upon retrial if we reversed and remanded. He frankly replied $25,000. The situation here is akin to the fruitless "colorable amount" contention in Pan American Realty Corp. v. Forest Park Manor, Inc., Mo., 431 S.W.2d 144 [1, 2],

2. Wagner v. Mederacke, 354 Mo. 977, 192 S.W.2d 865 [4]; and see Mathews v. Danahy, 25 Mo.App. 354.

3. Anchor Milling Co. v. Walsh, 97 Mo. 287, 11 S.W. 217; Kansas City v. National Engineering & Mfg. Co., Mo., 265 S.W.2d 384 [2].

4. Miller v. Police Retirement System of City of St. Louis, Mo., 296 S.W.2d 78

[4]; Gillespie v. American Bus Lines, Mo., 246 S.W.2d 797 [5].

5. Wartenbe v. Car-Anth Mfg. & Supply Co., Mo., 353 S.W.2d 570 [1, 2]; Daly v. Schaefer, Mo.App., 331 S.W.2d 150 [1, 2].

6. Ashbrook v. Willis, 338 Mo. 226, 89 S.W. 2d 659 [6]; Haley v. Horwitz, Mo., 286 S.W.2d 796 [1].

where the supreme court said: "On the record before us, we cannot say that the plaintiff's claim for damages is merely colorable or frivolous. If this court finds that the defendant is liable, as the plaintiff contends, we must reverse and remand for a trial of the remaining issues, including damages which are alleged to be in excess of $15,000. Therefore, this court has jurisdiction; the motion to transfer is overruled." Here, despite plaintiff's statement that the amount of damages prayed for is a "mere colorable figure" she has carefully avoided any admission that would limit her recovery to any lesser amount. We hold that the amount in dispute exceeds our monetary jurisdiction.

Since we do not have jurisdiction, the cause is transferred to the supreme court in accordance with Article V, Section 11, Mo.Const., 1945.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the cause is transferred to the supreme court.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.