**Agnes BAYER, Plaintiff-Appellant-Respondent,**

**v.**

**RALSTON PURINA COMPANY, Defendant-Respondent-Appellant.**

**No. 56612.**

Supreme Court of Missouri, Division No. 2.

Sept. 25, 1972.

W. W. Sleater, St. Louis, for plaintiff-appellant-respondent.

Robert J. Koster, Cook, Murphy, Lance & Mayer, Thomas C. Coleman, St. Louis, for defendant-respondent-appellant.

DONNELLY, Judge.

This case was transferred to this Court by the St. Louis Court of Appeals. (Bayer

v. Ralston Purina Company, Mo.App., 463 S.W.2d 546.)

Agnes Bayer, the owner of a registered Appaloosa horse, seeks damages for the taking of a photograph of her horse and the subsequent use of that photograph in defendant's advertisements without her permission. A verdict of $5000 was returned by the jury. The trial court sustained defendant's motion for a new trial. Plaintiff appeals from that action. Defendant asks that we remand with directions to enter judgment for defendant.

The facts are not controverted. Agnes Bayer asked a friend, Jay Benton, to care for her horse and allowed him to take the horse to a nearby ranch. While visiting the ranch, Ed Smyth, defendant's employee, took a photograph of the horse and of Jay Benton while the horse was being unsaddled. This photograph was later used in defendant's advertising. Smyth obtained a release from Jay Benton who told Smyth that he was trainer and part owner of the horse. Smyth did not attempt to discover the other owner. No release was obtained from Agnes Bayer.

The first question is whether plaintiff made a submissible case under her submitted theory of *conversion*. In Kegan v. Park Bank of St. Joseph, 320 Mo. 623, 650, 8 S.W.2d 858, 871, this Court defined *conversion* as "an *unauthorized* assumption and exercise of the right of ownership over the personal property of another to the exclusion of the owner's rights."

■ In our opinion the taking of the photograph was not an "exercise of the right of ownership over the * * * [horse] * * * to the exclusion of * * * [Agnes Bayer's] rights." The trial court did not err in ordering a new trial from a verdict recovered under a theory of *conversion*.

Plaintiff cites on appeal the case of Munden v. Harris, 153 Mo.App. 652, 134 S.W. 1076, a case where a photograph of an infant five years old was published

without consent, and "the right of privacy was recognized in Missouri." (Barber v. Time, Inc., 348 Mo. 1199, 159 S.W.2d 291, 293.) The Munden case has been cited as holding "that no one may appropriate the commercial value in the use of another's name, picture or reputation without his consent." (Cepeda v. Swift & Company, 291 F.Supp. 242, 245.)

■ In Rawls v. Conde Nast Publications, Inc., 5th Cir. (1971), 446 F.2d 313, 318, a case where a photograph of the interior of plaintiff's home was published without consent but was not identified with plaintiff, the Court reviewed the law and denied recovery for invasion of privacy, saying: "In our case the absence of public identification of the plaintiff's home or possessions (as already indicated, all possibility of identification was carefully obliterated before publication) precludes recovery and should have mandated the granting of defendant's motions by the trial judge. Text writers on the subject generally agree with this view. Very simply put, the plaintiff may not recover for invasion of privacy when, as here, her privacy remains inviolate. Hanson, Libel and Related Torts, page 204 states:

" 'As in defamation, there must be some reasonable grounds for concluding that it is the plaintiff whose privacy had been invaded. Thus, recovery had been denied for the publication of photographs of only plaintiff's home, or of other possessions, with no further reference to the plaintiff. However, it is not necessary to name or picture the plaintiff in order to make actionable reference to him, if sufficient identification is otherwise made.'

"Prosser, Laws of Torts, Section 112, page 841, puts it as follows:

" 'On the other hand there is no liability for the publication of a picture of his hand, leg or foot, or his house, his automobile or his dog, with nothing to indicate whose they are.'

"Finally, Hofstrader and Horowitz, in their The Right of Privacy, Section 5.7, page 44, state:

" 'Though a person may feel it is an invasion of his privacy, the law is clear, that the right is not infringed by merely publishing a picture of something that belongs to him. Thus, it is not actionable to publish an interior scene of a person's dwelling house, or of his automobile or of his dog, if his own likeness is not included.'

"Federal courts in other jurisdictions consistently have recognized that lack of public identification of the plaintiff disqualifies the plaintiff from recovery for invasion of privacy. Branson v. Fawcett Publications, Inc., 124 F.Supp. 429 (E. D.Ill.1954); Young v. That Was the Week That Was, N.D.Ohio 1969, 312 F. Supp. 1337, aff'd 6 Cir. 1970, 423 F.2d 265, are examples."

■ The photograph of the horse used in defendant's advertisement did not identify with plaintiff. The Munden case, supra, is not in point. We hold there was no invasion of plaintiff's privacy.

The question then becomes whether the case should be affirmed for new trial as ordered by the trial court or reversed and remanded with directions to enter judgment for defendant.

We have concluded that the record in this case "plainly shows plaintiff under the law and the evidence cannot recover, [and that] the parties should be spared the trouble and expense of another trial." (Bailey v. Interstate Airmotive, Inc., 358 Mo. 1121, 1129, 219 S.W.2d 333, 336.)

The cause is reversed and remanded with directions to set aside the order granting a new trial and to enter judgment for defendant.

HENLEY, J., concurs.

MORGAN, P. J., dissents.